Appeal No. 24-4072

UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT
_____

JULIE A. SU,
*Appellee*,
v.
ASCENT CONSTRUCTION, INC.; BRADLEY L. KNOWLTON; and ASCENT
CONSTRUCTION, INC. EMPLOYEE STOCK OWNERSHIP PLAN,
*Appellants*.

_____

APPENDIX

_____

On appeal from the United States District Court for the District of Utah
Honorable Ted Stewart, District Court No. 1:23-cv-00047

_____

Tina Deanne Davila
U.S. Department of Labor
Office of the Solicitor
Plan Benefits Security Division
200 Constitution Avenue, NW
Suite N-4611
Washington, DC  20210

*Attorney for Appellee*

Bruce M. Pritchett (6781)
Jonathan R. Rudd (11422)
THE RUDD FIRM, P.C.
75 Towne Ridge Parkway, Suite 125
Sandy, Utah 84070
bpritchett@ruddfirm.com
jonathan@ruddfirm.com
(801) 676-5337

*Attorneys for Appellants*

_____

Oral Argument Requested

# TABLE OF CONTENTS

District Court's Docket ................................................................................1

Complaint ............................................................................................14

Memorandum Decision and Order re: Preliminary Injunction .............................24

Preliminary Injunction .............................................................................39

Amended Complaint................................................................................48

2nd Amended Scheduling Order ...................................................................60

Docket Text Order 12/27/2023 (Plaintiff: no proof of service; *Docket, supra*)......*

Status Report ........................................................................................62

Docket Text Order 1/12/2024 (Defendants' answer due 1/29; *Docket, supra*) ....*

Order to Show Cause (Docket Text Order, 2/5/2024; *Docket, supra*) .................*

Answer to Amended Complaint, 2/21/2024 ....................................................64

Response to Order to Show Cause, 2/21/2024 .................................................71

Memorandum Decision and Order Entering Default Judgment............................79

Permanent Injunction ..............................................................................84

Default Judgment....................................................................................91

Judgment.............................................................................................93

Notice of Appeal ...................................................................................94

ACCO,APPEAL,CLOSED
Email All Attys
Email All Attys and Secondary Emails

# US District Court Electronic Case Filing System
## District of Utah (Northern)
## CIVIL DOCKET FOR CASE #: <u>1:23–cv–00047–TS</u>

Su v. Ascent Construction et al

Assigned to: Judge Ted Stewart

Case in other court:  Tenth Circuit, 23–04114

                      Tenth Circuit, 24–04025

Cause: 29:1104 Recovery of Benefits to Employee

Date Filed: 04/19/2023

Date Terminated: 04/23/2024

Jury Demand: None

Nature of Suit: 791 Labor: E.R.I.S.A.

Jurisdiction: U.S. Government Plaintiff

**Plaintiff**

**Julie A. Su**
*Acting Secretary of Labor, U.S.*
*Department of Labor*

represented by **Adriana Eugenia Ahumada**
US DEPARTMENT OF LABOR
90 SEVENTH ST STE 3–700
SAN FRANCISCO, CA 94103
415–625–7742
Email: ahumada.adriana.e@dol.gov
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Ascent Construction Inc Employee**
**Stock Option Plan**
*an employee benefit plan*

represented by **Bruce M. Pritchett , Jr**
THE RUDD FIRM PC
10150 CENTENNIAL PKWY STE 150
SANDY, UT 84070
801–718–2438
Email: bpritchett@ruddfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jonathan R. Rudd**
THE RUDD LAW FIRM PC
10150 CENTENNIAL PKWY STE 150
SANDY, UT 84070
801–676–5337
Fax: 801–618–0014
Email: jonathan@ruddfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Ascent Construction**
*a Utah corporation*

represented by **Bruce M. Pritchett , Jr**
(See above for address)
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Jonathan R. Rudd**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

<u>**Defendant**</u>

**Bradley L. Knowlton**                      represented by   **Bruce M. Pritchett , Jr**
*an individual*                                              (See above for address)
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Jonathan R. Rudd**
                                                             (See above for address)
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

<u>**Defendant**</u>

**Ascent Construction Inc 401K Plan**        represented by   **Bruce M. Pritchett , Jr**
*an employee benefit plan*                                   (See above for address)
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Jonathan R. Rudd**
                                                             (See above for address)
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 04/19/2023 | 1 | | COMPLAINT against All Defendants No Fee Required – US Government filed by Julie A. Su Acting Secretary of Labor, U.S. Department of Labor. (Attachments: # 1 Civil Cover Sheet) (Ahumada, Adriana) (Entered: 04/19/2023) |
| 04/19/2023 | 2 | | NOTICE FROM THE COURT re 1 Complaint. Attorney selected the incorrect division when creating the case. Case 2:23–cv–00250 will be closed and all pleadings will be transferred to case 1:23–cv–00047. <br><br>Case number will now read 1:23–cv–00047. Please make changes to document captions accordingly. (ks) (Entered: 04/19/2023) |
| 04/19/2023 | | | Judge Ted Stewart added. <br><br>Case number will now read **1:23–CV–00047–TS.** Please make changes to document captions accordingly. (ks) (Entered: 04/19/2023) |
| 04/19/2023 | 3 | | NOTICE OF MAGISTRATE JUDGE AVAILABILITY TO PRESIDE OVER CASE– Under 28 U.S.C. 636(c), Fed. R. Civ. P. 73, and DUCivR 72–4, you are hereby notified that a magistrate judge for the District of Utah may conduct any |

| | | or all proceedings in this case, including a jury or bench trial and entry of a final judgment. Exercise of this jurisdiction by the magistrate judge is permitted only if all parties voluntarily sign and return the form. To consent, return the Consent Form to the clerk's office within 21 days via email at consents@utd.uscourts.gov or mail at the address on the form. **Please do not efile the Consent Form in the case.** Notice e–mailed or mailed to Plaintiff Julie A. Su. (Notice generated by Court) Form due by 5/10/2023. (ks) (Entered: 04/19/2023) |
|---|---|---|
| 04/19/2023 | 4 | Summons Issued Electronically as to Bradley L. Knowlton.<br>Instructions to Counsel:<br>1. Click on the document number.<br>2. If you are prompted for an ECF login, enter your 'Attorney' login to CM/ECF.<br>3. Print the issued summons for service. (ks) (Entered: 04/19/2023) |
| 04/19/2023 | 5 | Summons Issued Electronically as to Ascent Construction.<br>Instructions to Counsel:<br>1. Click on the document number.<br>2. If you are prompted for an ECF login, enter your 'Attorney' login to CM/ECF.<br>3. Print the issued summons for service. (ks) (Entered: 04/19/2023) |
| 04/19/2023 | 6 | Summons Issued Electronically as to Ascent Construction Inc Employee Stock Option Plan.<br>Instructions to Counsel:<br>1. Click on the document number.<br>2. If you are prompted for an ECF login, enter your 'Attorney' login to CM/ECF.<br>3. Print the issued summons for service. (ks) (Entered: 04/19/2023) |
| 04/25/2023 | 7 | ORDER REFERRING CASE to Magistrate Judge Daphne A. Oberg under 28:636 (b)(1)(A). Magistrate to hear and determine all nondispositive pretrial matters. Signed by Judge Ted Stewart on 4/25/2023. (cg) (Entered: 04/25/2023) |
| 04/26/2023 | 8 | ORDER TO PROPOSE SCHEDULE – See order for details. Signed by Magistrate Judge Daphne A. Oberg on 4/26/2023. (mh) (Entered: 04/26/2023) |
| 05/02/2023 | 9 | SUMMONS Returned Executed by Julie A. Su as to Ascent Construction served on 4/28/2023, answer due 5/19/2023. (Ahumada, Adriana) (Entered: 05/02/2023) |
| 05/02/2023 | 10 | SUMMONS Returned Executed by Julie A. Su as to Bradley L. Knowlton served on 4/28/2023, answer due 5/19/2023. (Ahumada, Adriana) (Entered: 05/02/2023) |
| 05/02/2023 | 11 | SUMMONS Returned Executed by Julie A. Su as to Ascent Construction Inc Employee Stock Option Plan served on 4/28/2023, answer due 5/19/2023. (Ahumada, Adriana) (Entered: 05/02/2023) |
| 05/02/2023 | 12 | MOTION for Preliminary Injunction and Memorandum in Support filed by Plaintiff Julie A. Su. (Attachments: # 1 Affidavit Declaration of Peter Thai, # 2 Exhibit Exhibit A, # 3 Exhibit Exhibits B through Z, # 4 Affidavit Declaration of Attorney Ahumada, # 5 Text of Proposed Order)(Ahumada, Adriana) Modified by temporarily sealing 12–3 until further orders from the court on |

| | | | |
|---|---|---|---|
| | | | 5/3/2023 (mh). (Entered: 05/02/2023) |
| 05/03/2023 | 13 | | Modification of Docket re 12 MOTION for Preliminary Injunction and Memorandum in Support : Entry 12–3 has been temporarily sealed per counsel's request until further order from the court. (mh) (Entered: 05/03/2023) |
| 05/03/2023 | 14 | | DOCKET TEXT ORDER Plaintiff requested that the clerk seal Docket No. 12–3. The clerk temporarily sealed the document pending a Court order. Pursuant to DUCivR 5–3, Plaintiff must file a Motion for Leave to File Under Seal for Docket No. 12–3 to remain sealed. Failure to do so will result in the document being unsealed. No attached document Signed by Judge Ted Stewart on 5/3/2023. (gb) (Entered: 05/03/2023) |
| 05/03/2023 | 16 | | EXHIBITS filed by Julie A. Su re 12 MOTION for Preliminary Injunction and Memorandum in Support . (Ahumada, Adriana) (Entered: 05/03/2023) |
| 05/03/2023 | 17 | | MOTION to Seal Document 12 MOTION for Preliminary Injunction and Memorandum in Support , 15 Exhibits, 13 Modification of Docket, 14 Order, filed by Plaintiff Julie A. Su. (Attachments: # 1 Text of Proposed Order) Motions referred to Daphne A. Oberg.(Ahumada, Adriana) (Entered: 05/03/2023) |
| 05/03/2023 | 18 | | NOTICE OF NONELECTRONIC FILING of Exhibits M and N filed by Plaintiff Julie A. Su re 12 MOTION for Preliminary Injunction and Memorandum in Support (Ahumada, Adriana) (Entered: 05/03/2023) |
| 05/04/2023 | 19 | | Remark re 18 Notice of Nonelectronic Filing: The exhibits M and N were submitted on flash drives. The drives' content was not entered on the docket due to file type (audio) and will be retained in a case file folder in the Clerk's Office while the case is active and according to the retention schedule set forth by the Judicial Conference thereafter. (mh) (Entered: 05/04/2023) |
| 05/23/2023 | 20 | | DOCKET TEXT ORDER granting 17 Plaintiff's Motion to Seal Documents. Plaintiff seeks to seal Doc. No. 12–3, containing Exhibits B through Z to 12 Plaintiff's Motion for Preliminary Injunction, and Doc. No. 15, a version of the same exhibits with incomplete redactions, because all these exhibits include unredacted account numbers. Plaintiff filed properly redacted versions of these exhibits at Doc. No. 16. For good cause, Plaintiff's motion to seal is granted, and Doc. Nos. 12–3 and 15 shall be sealed. Signed by Magistrate Judge Daphne A. Oberg on 5/23/2023. No attached document. (med) (Entered: 05/23/2023) |
| 05/23/2023 | 21 | | NOTICE of Appearance by Bruce M. Pritchett, Jr on behalf of Ascent Construction, Ascent Construction Inc Employee Stock Option Plan, Bradley L. Knowlton (Pritchett, Bruce) (Entered: 05/23/2023) |
| 05/23/2023 | 22 | | NOTICE of Appearance by Jonathan R. Rudd on behalf of Ascent Construction, Bradley L. Knowlton (Rudd, Jonathan) (Entered: 05/23/2023) |
| 05/23/2023 | 23 | | Stipulated MOTION for Extension of Time to File Answer and Memorandum in Support *and for Extension to Respond to ECF 12 Motion for Preliminary Injunction* filed by Defendants Ascent Construction, Ascent Construction Inc Employee Stock Option Plan, Bradley L. Knowlton. (Attachments: # 1 Text of Proposed Order Granting Extension) Motions referred to Daphne A. Oberg.(Pritchett, Bruce) (Entered: 05/23/2023) |
| 05/24/2023 | 24 | | |

| | | |
|---|---|---|
| | | ORDER granting in part and denying in part <u>23</u> Motion for Extension of Time to Answer. Defendants to answer or otherwise respond to the <u>1</u> Complaint and to file a response to the <u>12</u> Motion for Preliminary Injunction to no later than May 30, 2023. However, if Plaintiff chooses to file a reply, the Court orders that pursuant to DUCivR 7–1(4)(C), it be filed no later than June 13, 2023. Signed by Judge Ted Stewart on 5/24/2023. (mh) (Entered: 05/24/2023) |
| 05/30/2023 | <u>25</u> | MEMORANDUM in Opposition re <u>12</u> MOTION for Preliminary Injunction and Memorandum in Support filed by Defendant Ascent Construction Inc Employee Stock Option Plan. (Pritchett, Bruce) (Entered: 05/31/2023) |
| 05/31/2023 | 26 | NOTICE OF DEFICIENCY re <u>25</u> Memorandum in Opposition to Motion. The document contains unrelated matter in the briefing. Therefor, counsel to correct and refile. The new pleading will receive a new document number on the docket. (mh) (Entered: 05/31/2023) |
| 05/31/2023 | <u>27</u> | MEMORANDUM in Opposition re <u>12</u> MOTION for Preliminary Injunction and Memorandum in Support *(Corrected)* filed by Defendants Ascent Construction, Ascent Construction Inc Employee Stock Option Plan, Bradley L. Knowlton. (Attachments: # <u>1</u> Exhibit A Declaration of Brad Knowlton, # <u>2</u> Exhibit B Order Staying Proceedings)(Pritchett, Bruce) (Entered: 05/31/2023) |
| 06/01/2023 | 28 | ANSWER to Complaint filed by Ascent Construction, Ascent Construction Inc Employee Stock Option Plan, Bradley L. Knowlton.(Pritchett, Bruce) (Entered: 06/01/2023) |
| 06/13/2023 | 29 | **NOTICE OF HEARING ON MOTION** re: <u>12</u> MOTION for Preliminary Injunction and Memorandum in Support : (Notice generated by Chambers (rlr)). Motion Hearing set for 6/27/2023 at 09:00 AM in Rm 8.300 before Judge Ted Stewart. (rlr) (Entered: 06/13/2023) |
| 06/13/2023 | <u>30</u> | REPLY to Response to Motion re <u>12</u> MOTION for Preliminary Injunction and Memorandum in Support filed by Plaintiff Julie A. Su. (Attachments: # <u>1</u> Affidavit EBSA Investigator Peter Thai, # <u>2</u> Exhibit AA to FF, # <u>3</u> Affidavit Attorney Adriana Ahumada, # <u>4</u> Supplement Compendium of Unpublished Cases, # <u>5</u> Affidavit Ron Bagley)(Ahumada, Adriana) (Entered: 06/13/2023) |
| 06/15/2023 | <u>31</u> | STRICKEN ~~REPORT OF ATTORNEY PLANNING MEETING. (Attachments: # 1 Exhibit Proposed ESI and Privilege Protocol)(Ahumada, Adriana)~~ Modified by striking pleading on 6/20/2023. Notice of deficiency issued (mh). (Entered: 06/15/2023) |
| 06/20/2023 | 32 | NOTICE OF DEFICIENCY re <u>31</u> Attorney Planning Meeting. The document is stricken. Please refer to <u>8</u> Order to Propose Schedule, paragraph 3. The clerk requests the filer of the original document to file motion. The new pleading will receive a new document number on the docket. (mh) (Entered: 06/20/2023) |
| 06/21/2023 | 33 | DOCKET TEXT ORDER: The parties are ordered to comply with paragraph 3 of the <u>8</u> Order to Propose Schedule within fourteen days. Signed by Magistrate Judge Daphne A. Oberg on 6/21/2023. No attached document.(med) (Entered: 06/21/2023) |
| 06/21/2023 | | **NOTICE FROM THE COURT:** Hearing terminated. The hearing on <u>12</u> MOTION for Preliminary Injunction set for 6/27/2023 is STRICKEN as the Court will rule from the briefs. (rlr) (Entered: 06/21/2023) |

**APPENDIX 000005**

5

| 07/03/2023 | 34 | | MEMORANDUM DECISION AND ORDER granting 12 Motion for Preliminary Injunction. The Court will issue the preliminary injunction in a separate filing. Signed by Judge Ted Stewart on 7/3/2023. (mh) (Entered: 07/03/2023) |
| 07/03/2023 | 35 | | PRELIMINARY INJUNCTION Signed by Judge Ted Stewart on 7/3/2023. (mh) (Entered: 07/03/2023) |
| 07/05/2023 | 36 | | Joint MOTION for ~~Initial~~ Scheduling Order ~~Conference~~ and Memorandum in Support filed by Defendants Ascent Construction, Ascent Construction Inc Employee Stock Option Plan, Bradley L. Knowlton. (Attachments: # 1 Exhibit A Attorney Planning Meeting Report) Motions referred to Daphne A. Oberg.(Rudd, Jonathan) Modified by correcting order event and text on 7/6/2023 (mh). (Entered: 07/05/2023) |
| 07/06/2023 | 37 | | Modification of Docket re 36 MOTION: Pleading event corrected to MOTION for Scheduling Order. No further action needed. (mh) (Entered: 07/06/2023) |
| 07/06/2023 | 38 | | DISCOVERY MANAGEMENT ORDER – See Order for details. Signed by Magistrate Judge Daphne A. Oberg on 7/6/23. (jrj) (Entered: 07/06/2023) |
| 07/06/2023 | 39 | | SCHEDULING ORDER– granting 36 Motion for Scheduling Order. Amended Pleadings due by 9/15/2023. Joinder of Parties due by 9/15/2023. Expert Discovery due by 3/15/2024. Motions due by 4/15/2024. See Order for further details. Signed by Magistrate Judge Daphne A. Oberg on 7/6/23. (jrj) (Entered: 07/06/2023) |
| 09/01/2023 | 40 | | NOTICE OF INTERLOCUTORY APPEAL as to 34 Order on Motion for Preliminary Injunction, Memorandum Decision, 35 Preliminary Injunction filed by Ascent Construction, Ascent Construction Inc Employee Stock Option Plan, Bradley L. Knowlton. Appeals to the USCA for the 10th Circuit. Filing fee $ 505, receipt number AUTDC–4798356. (Pritchett, Bruce) (Entered: 09/01/2023) |
| 09/05/2023 | 41 | | Transmission of Preliminary Record to USCA 10th Circuit re 40 Notice of Appeal – Interlocutory. (Attachments: # 1 Appendix)(mh) (Entered: 09/05/2023) |
| 09/05/2023 | 42 | | USCA Case Number Case Appealed to Tenth Circuit Case Number 23–4114 for 40 Notice of Appeal – Interlocutory, filed by Ascent Construction Inc Employee Stock Option Plan, Ascent Construction, Bradley L. Knowlton. A transcript order form or notice that no transcript is necessary per 10th Cir. R. 10.2. This form must be filed in both the district court and this court. See letter for additional information. (jrj) (Entered: 09/05/2023) |
| 09/15/2023 | 43 | | MOTION to Amend/Correct and Memorandum in Support *of Amending Complaint* filed by Plaintiff Julie A. Su. (Attachments: # 1 Affidavit Attorney Adriana Ahumada, # 2 Exhibit A, # 3 Exhibit Proposed Amended Complaint, # 4 Text of Proposed Order) Motions referred to Daphne A. Oberg.(Ahumada, Adriana) (Entered: 09/15/2023) |
| 09/20/2023 | 44 | | Please be advised the Record is complete for purposes of appeal for USCA 10th Circuit case number 23–4114 re 40 Notice of Appeal – Interlocutory. (mh) (Entered: 09/20/2023) |
| 09/28/2023 | 45 | | |

| | | | |
|---|---|---|---|
| | | | Joint MOTION for Amended Scheduling Order and Memorandum in Support filed by Plaintiff Julie A. Su. (Attachments: # 1 Text of Proposed Order) Motions referred to Daphne A. Oberg.(Ahumada, Adriana) (Entered: 09/28/2023) |
| 09/29/2023 | 46 | | AMENDED SCHEDULING ORDER granting 45 Motion for Amended Scheduling Order. Expert Discovery due by 4/26/2024. Motions due by 5/24/2024. Signed by Magistrate Judge Daphne A. Oberg on 9/29/2023. (mh) (Entered: 09/29/2023) |
| 10/02/2023 | 47 | | ORDER granting 43 Motion to Amend the Complaint. Plaintiff shall file the amended complaint in the form found at docket number 43−3 within fourteen days. Once filed on the docket, the amended complaint will be the operative complaint in this case. Signed by Magistrate Judge Daphne A. Oberg on 10/2/2023. (mh) (Entered: 10/02/2023) |
| 10/02/2023 | 48 | | AMENDED COMPLAINT *(First)* against Julie A. Su. filed by Julie A. Su. (Ahumada, Adriana) (Entered: 10/02/2023) |
| 11/20/2023 | 49 | | MOTION to Compel Response to Acting Secretary's First set of Interrogatories and Requests for Production and Memorandum in Support filed by Plaintiff Julie A. Su. (Attachments: # 1 Affidavit Attorney Adriana Ahumada, # 2 Exhibit 1 to 17, # 3 Affidavit Supervisory Investigator Alanna Evans, # 4 Affidavit Dallas Knowlton, # 5 Text of Proposed Order) Motions referred to Daphne A. Oberg.(Ahumada, Adriana) (Entered: 11/20/2023) |
| 11/28/2023 | 50 | | DOCKET TEXT ORDER: The parties are ordered to file a status report in compliance with paragraph 1 of the 38 Discovery Management Order within fourteen days. Signed by Magistrate Judge Daphne A. Oberg on 11/28/2023. No attached document.(med) (Entered: 11/28/2023) |
| 11/28/2023 | 51 | | RESPONSE to Motion re 49 MOTION to Compel Response to Acting Secretary's First set of Interrogatories and Requests for Production and Memorandum in Support filed by Defendants Ascent Construction, Ascent Construction Inc 401K Plan, Ascent Construction Inc Employee Stock Option Plan, Bradley L. Knowlton. Attorney Jonathan R. Rudd added to party Ascent Construction Inc 401K Plan(pty:dft)(Rudd, Jonathan) (Entered: 11/28/2023) |
| 11/29/2023 | 52 | | DOCKET TEXT ORDER denying without prejudice 49 Motion to Compel Response to Acting Secretary's First set of Interrogatories and Requests for Production. The motion does not include a conferral certification as required under DUCivR 37−1(b)(2)(A). Plaintiff may refile the motion after a meaningful conferral. The new motion must include a conferral certification. Signed by Magistrate Judge Daphne A. Oberg on 11/29/2023. No attached document. (med) (Entered: 11/29/2023) |
| 12/12/2023 | 53 | | MOTION to Compel Response to Acting Secretary's First set of Interrogatories and Memorandum in Support *Under L.R. 37−1* filed by Plaintiff Julie A. Su. (Attachments: # 1 Exhibit Exhibit 1 (1st Set of Interrogatories)) Motions referred to Daphne A. Oberg.(Ahumada, Adriana) (Entered: 12/12/2023) |
| 12/15/2023 | 54 | | MOTION to Compel Responses to 1st Set of Requests for Production and Memorandum in Support filed by Plaintiff Julie A. Su. (Attachments: # 1 Exhibit 1st Set of Requests for Production, # 2 Exhibit Defendants' 1st Response to 1st Set of RFPs, # 3 Exhibit Defendants' Amended Response to 1st |

| | | | Set of RFPs) Motions referred to Daphne A. Oberg.(Ahumada, Adriana) (Entered: 12/15/2023) |
|---|---|---|---|
| 12/15/2023 | 55 | | STATUS REPORT *on Remaining Fact Discovery* by Julie A. Su. (Ahumada, Adriana) (Entered: 12/15/2023) |
| 12/20/2023 | 56 | | Joint MOTION for Amended Scheduling Order and Memorandum in Support filed by Plaintiff Julie A. Su. Motions referred to Daphne A. Oberg.(Ahumada, Adriana) (Entered: 12/20/2023) |
| 12/20/2023 | 57 | | ORDER granting 53 Motion to Compel. Defendants Ascent Construction, Inc. and Mr. Knowlton are ordered to respond to the Secretary's first set of interrogatories within fourteen days. Defendants Ascent Construction, Inc. and Mr. Knowlton are ordered to pay the Secretary's reasonable expenses incurred in bringing the motion to compel. The parties shall meet and confer regarding the amount of the expenses. If they are unable to agree, the Secretary may file a motion for fees and costs within fourteen days. Any response or objection must be filed within fourteen days after the motion is filed. Signed by Magistrate Judge Daphne A. Oberg on 12/20/2023. (mh) (Entered: 12/20/2023) |
| 12/21/2023 | 58 | | Joint MOTION for Amended Scheduling Order and Memorandum in Support filed by Plaintiff Julie A. Su. (Attachments: # 1 Text of Proposed Order) Motions referred to Daphne A. Oberg.(Ahumada, Adriana) (Entered: 12/21/2023) |
| 12/21/2023 | 59 | | DOCKET TEXT ORDER terminating 56 Motion for Amended Scheduling Order, based on the filing of an amended motion 58 . Signed by Magistrate Judge Daphne A. Oberg on 12/21/2023. No attached document. (med) (Entered: 12/21/2023) |
| 12/21/2023 | 60 | | SECOND AMENDED SCHEDULING ORDER granting 58 Motion for Amended Scheduling Order. Expert Discovery due by 5/10/2024. Motions due by 6/10/2024. Signed by Magistrate Judge Daphne A. Oberg on 12/21/2023. (mh) (Entered: 12/21/2023) |
| 12/27/2023 | 61 | | DOCKET TEXT ORDER denying without prejudice 54 Plaintiff's Motion to Compel Responses to First Set of Requests for Production. Defendants' amended response to the document requests (Exhibit 3) identifies by Bates number documents produced for each request, and the motion does not adequately explain how the response to each request is deficient. Plaintiff may file a new motion addressing with specificity how each response is deficient. If overlength briefing is necessary to do so, Plaintiff may file an overlength motion which includes a request for overlength briefing, pursuant to the procedures set forth in the 38 Discovery Management Order. Signed by Magistrate Judge Daphne A. Oberg on 12/27/2023. No attached document. (med) (Entered: 12/27/2023) |
| 12/27/2023 | 62 | | DOCKET TEXT ORDER: On October 2, 2023, Plaintiff filed a First Amended Complaint 48 which brings new allegations against the existing defendants and adds a new defendant, Ascent Construction, Inc. 401(k) Plan. The deadline to answer has passed but no answer or motion for default has been filed, and Plaintiff has not filed proof of service of the new defendant. Within fourteen days, the parties shall file a status report addressing (1) how they intend to proceed with respect to Plaintiff's First Amended Complaint, and (2) the status of service of the new defendant. Signed by Magistrate Judge Daphne A. Oberg |

| | | | |
|---|---|---|---|
| | | | on 12/27/2023. No attached document.(med) (Entered: 12/27/2023) |
| 01/11/2024 | 63 | | STATUS REPORT *on Amended Complaint (Joint)* by Julie A. Su. (Ahumada, Adriana) (Entered: 01/11/2024) |
| 01/12/2024 | 64 | | DOCKET TEXT ORDER: Per the parties' 63 joint status report, the deadline for all defendants to answer or otherwise respond to the 48 First Amended Complaint shall be January 29, 2024. Signed by Magistrate Judge Daphne A. Oberg on 1/12/2024. No attached document. (med) (Entered: 01/12/2024) |
| 01/12/2024 | | | ANSWER DEADLINE UPDATED for all defendants to answer due 1/29/2024 per 64 Docket Text Order.(mh) (Entered: 01/12/2024) |
| 01/23/2024 | 65 | | MOTION for Leave to File Excess Pages and Memorandum in Support *of Motion to Compel*, Amended MOTION to Compel Responses to 1st Set of Requests for Production 1, 2, 10, 11, 14, and 15 and Memorandum in Support filed by Plaintiff Julie A. Su. (Attachments: # 1 Affidavit Attorney Adriana Ahumada, # 2 Exhibit 1 – First Set of Requests for Production, # 3 Exhibit 2 – Initial Answers to Requests for Production, # 4 Exhibit 3 – Amended Answers to Requests for Production, # 5 Text of Proposed Order) Motions referred to Daphne A. Oberg.(Ahumada, Adriana) (Entered: 01/23/2024) |
| 01/24/2024 | 66 | | DOCKET TEXT ORDER re 65 MOTION for Leave to File Excess Pages, Amended MOTION to Compel Responses to 1st Set of Requests for Production 1, 2, 10, 11, 14, and 15. Plaintiff's request for leave to file an overlength discovery motion is granted. Defendants may also file a response of up to eleven pages. Given the length of the motion, Defendants' response deadline is extended to February 6, 2024. Signed by Magistrate Judge Daphne A. Oberg on 1/24/2024. No attached document.(med) (Entered: 01/24/2024) |
| 01/24/2024 | 67 | | ERRATA to 65 MOTION for Leave to File Excess Pages and Memorandum in Support *of Motion to Compel*Amended MOTION to Compel Responses to 1st Set of Requests for Production 1, 2, 10, 11, 14, and 15 and Memorandum in Support filed by Plaintiff Julie A. Su . (Attachments: # 1 Affidavit Declaration of Dallas Knowlton)(Ahumada, Adriana) (Entered: 01/24/2024) |
| 01/26/2024 | 68 | | MOTION for Sanctions and Memorandum in Support filed by Plaintiff Julie A. Su. (Attachments: # 1 Affidavit Attorney Adriana Ahumada, # 2 Exhibit Combined Exhibits 1 through 7, # 3 Text of Proposed Order) Motions referred to Daphne A. Oberg.(Ahumada, Adriana) (Entered: 01/26/2024) |
| 02/05/2024 | 69 | | ORDER TO SHOW CAUSE. The Magistrate Judge ordered Defendants' amended answer to be filed January 29, 2024. Defendant failed to file an answer or other responsive pleading. Within fourteen (14) days of this Order, Defendants are ordered to show cause why the Court should not impose sanctions against them, up to and including the entry of default judgment. Defendants are warned that failure to comply with this or other Court orders could result in terminating sanctions. Signed by Judge Ted Stewart on 2/5/2024. (gb) (Entered: 02/05/2024) |
| 02/06/2024 | 70 | | MEMORANDUM in Opposition re 65 MOTION for Leave to File Excess Pages and Memorandum in Support *of Motion to Compel*Amended MOTION to Compel Responses to 1st Set of Requests for Production 1, 2, 10, 11, 14, and 15 and Memorandum in Support filed by Defendants Ascent Construction, Ascent Construction Inc 401K Plan, Ascent Construction Inc Employee Stock Option |

| | | | Plan, Bradley L. Knowlton. (Attachments: # 1 Exhibit A to Opposition, # 2 Exhibit B to Opposition) Attorney Bruce M. Pritchett, Jr added to party Ascent Construction Inc 401K Plan(pty:dft)(Pritchett, Bruce) (Entered: 02/06/2024) |
|---|---|---|---|
| 02/07/2024 | 71 | | EXHIBITS filed by Ascent Construction, Ascent Construction Inc 401K Plan, Ascent Construction Inc Employee Stock Option Plan, Bradley L. Knowlton re 70 Memorandum in Opposition to Motion,,. (Attachments: # 1 Exhibit C to Opposition, # 2 Exhibit D to Opposition, # 3 Exhibit E to Opposition, # 4 Exhibit F to Opposition, # 5 Exhibit G t o Opposition, # 6 Exhibit H to Opposition, # 7 Exhibit I to Opposition)(Pritchett, Bruce) (Entered: 02/07/2024) |
| 02/07/2024 | 72 | | EXHIBITS filed by Ascent Construction, Ascent Construction Inc 401K Plan, Ascent Construction Inc Employee Stock Option Plan, Bradley L. Knowlton re 70 Memorandum in Opposition to Motion,,. (Pritchett, Bruce) (Entered: 02/07/2024) |
| 02/09/2024 | 73 | | MOTION for Extension of Time to File Response/Reply as to 68 MOTION for Sanctions and Memorandum in Support and Memorandum in Support filed by Defendants Ascent Construction, Ascent Construction Inc 401K Plan, Ascent Construction Inc Employee Stock Option Plan, Bradley L. Knowlton. Motions referred to Daphne A. Oberg.(Pritchett, Bruce) (Entered: 02/09/2024) |
| 02/11/2024 | 74 | | MOTION for Leave to File Exhibits to the Acting Secretary's Motion to Compel and Memorandum in Support of *same* filed by Plaintiff Julie A. Su. (Attachments: # 1 Affidavit Attorney Adriana Ahumada, # 2 Exhibit Exhibit 4, # 3 Exhibit Exhibit 5, # 4 Exhibit Exhibit 6, # 5 Exhibit Exhibit 7, # 6 Exhibit Exhibit 8, # 7 Text of Proposed Order) Motions referred to Daphne A. Oberg.(Ahumada, Adriana) (Entered: 02/11/2024) |
| 02/11/2024 | 75 | | ERRATA to 68 MOTION for Sanctions and Memorandum in Support filed by Plaintiff Julie A. Su . (Ahumada, Adriana) (Entered: 02/11/2024) |
| 02/12/2024 | 76 | | DOCKET TEXT ORDER granting 73 Motion for Extension of Time. For good cause shown, Defendants' deadline to respond to the 68 Motion for Sanctions is extended to February 13, 2024. Signed by Magistrate Judge Daphne A. Oberg on 2/12/2024. No attached document. (gdr) (Entered: 02/12/2024) |
| 02/13/2024 | 77 | | DOCKET TEXT ORDER granting in part 74 Plaintiff's Motion for Leave to File Additional Exhibits. Plaintiff seeks to strike the exhibits Defendants submitted in support of their 70 Memorandum in Opposition, because Defendants filed exhibits beyond the disputed discovery request and response permitted under DUCivR 37−1(b)(2)(B). In the alternative, Plaintiff seeks leave to file exhibits to rebut Defendants exhibits. Having reviewed Plaintiff's 74 Motion and the briefing for Plaintiff's 65 Motion to File Overlength and Motion to Compel, the court finds Plaintiff's new exhibits are appropriate for submission based on the nature of the motion to compel. Plaintiff is granted leave to file the additional materials it attached to its 74 Motion for Leave to File Additional Exhibits. The court notes Plaintiff's original 65 Motion to File Overlength and Motion to Compel attached a supporting declaration, which also contravenes DUCivR 37−1(b)(2)(B). For this reason and because the exhibits both parties submitted are relevant, the court declines to strike any of Defendants' exhibits. In the future, if any party seeks to file additional materials other than the disputed discovery request and response in support of a future discovery motion, the party may file the materials with the discovery motion |

| | | |
|---|---|---|
| | | and include in the discovery motion a request for leave to file additional materials, consistent with the procedures for requesting overlength briefing set forth in the 38 Discovery Management Order. Signed by Magistrate Judge Daphne A. Oberg on 2/13/2024. No attached document. (gdr) (Entered: 02/13/2024) |
| 02/14/2024 | 78 | MEMORANDUM in Opposition re 68 MOTION for Sanctions and Memorandum in Support filed by Defendants Ascent Construction, Ascent Construction Inc 401K Plan, Bradley L. Knowlton. (Pritchett, Bruce) (Entered: 02/14/2024) |
| 02/14/2024 | 79 | EXHIBITS filed by Ascent Construction, Ascent Construction Inc 401K Plan, Ascent Construction Inc Employee Stock Option Plan, Bradley L. Knowlton re 78 Memorandum in Opposition to Motion. (Attachments: # 1 Exhibit A emails screen shots, # 2 Exhibit B 1st supplemental answers, # 3 Exhibit C 1st supplemental answers to 2nd rogs, # 4 Exhibit D email of Jan. 5, 2024 serving discovery answers, # 5 Exhibit E email of Nov. 27, 2023 serving discovery answers, # 6 Exhibit F email of Nov. 27, 2023 serving answers to interrogatories)(Pritchett, Bruce) (Entered: 02/14/2024) |
| 02/14/2024 | 80 | AFFIDAVIT of Senior Trial Attorney Adriana Ahumada re 65 MOTION for Leave to File Excess Pages and Memorandum in Support *of Motion to Compel*Amended MOTION to Compel Responses to 1st Set of Requests for Production 1, 2, 10, 11, 14, and 15 and Memorandum in Support , 77 Order on Motion for Leave to File,,,,,, filed by Julie A. Su. (Attachments: # 1 Exhibit Exhibit 4, # 2 Exhibit Exhibit 5, # 3 Exhibit Exhibit 6, # 4 Exhibit Exhibit 7, # 5 Exhibit Exhibit 8)(Ahumada, Adriana) (Entered: 02/14/2024) |
| 02/16/2024 | 81 | MOTION for Discovery and Memorandum in Support *of Request for Defendants to Revise Confidentiality Designations* filed by Plaintiff Julie A. Su. (Attachments: # 1 Affidavit Attorney Adriana Ahumada, # 2 Exhibit 1 through 7, # 3 Text of Proposed Order) Motions referred to Daphne A. Oberg.(Ahumada, Adriana) (Entered: 02/16/2024) |
| 02/19/2024 | 82 | REPLY to Response to Motion re 68 MOTION for Sanctions and Memorandum in Support filed by Plaintiff Julie A. Su. (Attachments: # 1 Affidavit Attorney Adriana Ahumada)(Ahumada, Adriana) (Entered: 02/19/2024) |
| 02/21/2024 | 83 | ANSWER to 48 Amended Complaint filed by Ascent Construction, Ascent Construction Inc 401K Plan, Ascent Construction Inc Employee Stock Option Plan, Bradley L. Knowlton.(Pritchett, Bruce) (Entered: 02/21/2024) |
| 02/21/2024 | 84 | RESPONSE TO ORDER TO SHOW CAUSE re 69 Order to Show Cause,, filed by Ascent Construction, Ascent Construction Inc 401K Plan, Ascent Construction Inc Employee Stock Option Plan, Bradley L. Knowlton. (Attachments: # 1 Exhibit A screen shots of error messages)(Pritchett, Bruce) (Entered: 02/21/2024) |
| 02/28/2024 | 85 | MEMORANDUM DECISION AND ORDER ENTERING DEFAULT JUDGMENT AGAINST DEFENDANTS– Plaintiff provide a proposed default judgment within fourteen (14) days of this Order. Plaintiff's 68 Motion for Sanctions is DENIED as moot. Signed by Judge Ted Stewart on 2/28/2024. (mh) (Entered: 02/28/2024) |

| 02/29/2024 | 86 | | NOTICE OF APPEAL as to 85 Order on Motion for Sanctions,, Memorandum Decision, filed by Ascent Construction, Ascent Construction Inc 401K Plan, Ascent Construction Inc Employee Stock Option Plan, Bradley L. Knowlton. Appeals to the USCA for the 10th Circuit. Filing fee $ 605, receipt number AUTDC–4984172. (Pritchett, Bruce) (Entered: 02/29/2024) |
| 03/01/2024 | 87 | | Transmission of Preliminary Record to USCA 10th Circuit re 86 Notice of Appeal. (Attachments: # 1 Appendix)(mh) (Entered: 03/01/2024) |
| 03/04/2024 | 88 | | USCA Case Number Case Appealed to Tenth Circuit Case Number 24–4025 for 86 Notice of Appeal, filed by Ascent Construction Inc 401K Plan, Ascent Construction Inc Employee Stock Option Plan, Ascent Construction, Bradley L. Knowlton. A transcript order form or notice that no transcript is necessary per 10th Cir. R. 10.2. This form must be filed in both the district court and this court. See letter for additional information. (jrj) (Entered: 03/04/2024) |
| 03/04/2024 | 89 | | DOCKET TEXT ORDER: In light of the 85 Order Entering Default Judgment Against Defendants, the 81 Motion to Contest Defendants' Confidentiality Designations and the 65 Motion to Compel are denied as moot, without prejudice. Signed by Magistrate Judge Daphne A. Oberg on 3/4/2024. No attached document. (gdr) (Entered: 03/04/2024) |
| 03/12/2024 | 90 | | MOTION for Default Judgment as to defendant(s) Bradley L. Knowlton and Ascent Construction, Inc. and Memorandum in Support filed by Plaintiff Julie A. Su. (Attachments: # 1 Affidavit EBSA Investigator Peter Thai, # 2 Text of Proposed Order Default Judgment)(Ahumada, Adriana) (Entered: 03/12/2024) |
| 03/26/2024 | 91 | | Please be advised the Record is complete for purposes of appeal for USCA case number 24–4025 re 86 Notice of Appeal. (mh) (Entered: 03/26/2024) |
| 03/26/2024 | 92 | | MEMORANDUM in Opposition re 90 MOTION for Default Judgment as to defendant(s) Bradley L. Knowlton and Ascent Construction, Inc. and Memorandum in Support filed by Defendants Ascent Construction, Ascent Construction Inc 401K Plan, Ascent Construction Inc Employee Stock Option Plan, Bradley L. Knowlton. (Pritchett, Bruce) (Entered: 03/26/2024) |
| 04/02/2024 | 93 | | REPLY to Response to Motion re 90 MOTION for Default Judgment as to defendant(s) Bradley L. Knowlton and Ascent Construction, Inc. and Memorandum in Support filed by Plaintiff Julie A. Su. (Ahumada, Adriana) (Entered: 04/02/2024) |
| 04/16/2024 | 94 | | MANDATE of USCA 10th Circuit as to 86 Notice of Appeal, filed by Ascent Construction Inc 401K Plan, Ascent Construction Inc Employee Stock Option Plan, Ascent Construction, Bradley L. Knowlton. According to the Order of the USDC for the Dist of UT is: Dismissed. (Attachments: # 1 USCA Mandate Cover Letter)(mh) (Entered: 04/16/2024) |
| 04/23/2024 | 95 | | PERMANENT INJUNCTION Signed by Judge Ted Stewart on 4/23/2024. (mh) (Entered: 04/23/2024) |
| 04/23/2024 | 96 | | DEFAULT JUDGMENT be entered against Defendants in the amount of $288,873.64. Signed by Judge Ted Stewart on 4/23/2024. (mh) (Entered: 04/23/2024) |
| 04/23/2024 | 97 | | JUDGMENT shall be, and it hereby is, entered in favor of Plaintiff and against Defendants in the amount of $288,873.64 in damages. Defendants are jointly |

| | | | |
|---|---|---|---|
| | | | and severally liable for the total judgment amount. Magistrate Judge Daphne A. Oberg no longer assigned to case. Case Closed. Signed by Judge Ted Stewart on 4/23/2024. (mh) (Entered: 04/23/2024) |
| 06/18/2024 | <u>98</u> | | NOTICE OF APPEAL as to <u>97</u> Judgment, <u>96</u> Default Judgment, <u>95</u> Permanent Injunction filed by Ascent Construction, Ascent Construction Inc 401K Plan, Ascent Construction Inc Employee Stock Option Plan, Bradley L. Knowlton. Appeals to the USCA for the 10th Circuit. Filing fee $ 605, receipt number AUTDC−5098102. (Pritchett, Bruce) (Entered: 06/18/2024) |

MARC PILOTIN
Regional Solicitor
LAURA BREMER (Ca. Bar No. 162900)
Counsel for ERISA
ADRIANA AHUMADA (Ca. Bar No. 274295)
Senior Trial Attorney
UNITED STATES DEPARTMENT OF LABOR
90 7th Street, Suite 3-700
San Francisco, CA 94103-1516
Telephone: (206) 757-6757
Fax: (206) 757-6761
Email: ahumada.adriana.e@dol.gov
*Attorneys for Plaintiff Secretary of Labor*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JULIE A. SU,<br>Acting Secretary of Labor,<br>United States Department of Labor,<br><br>Plaintiff,<br>v.<br><br>ASCENT CONSTRUCTION, INC., a Utah corporation, BRADLEY L. KNOWLTON, an individual, and ASCENT CONSTRUCTION, INC. EMPLOYEE STOCK OWNERSHIP PLAN, an employee benefit plan,<br><br>Defendants. | Case No. 2:23-cv-250<br><br><br>**COMPLAINT FOR VIOLATIONS OF ERISA** |

1      1.     Julie A. Su, Acting Secretary of Labor for the United States

2  Department of Labor ("the Secretary"), brings this action pursuant to the

3  Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§

4  1001-1191c, requesting that the Court restore losses to the Ascent Construction,

5  Inc. Employee Stock Ownership Plan (the "Plan"); remove Bradley L. Knowlton

6  ("Knowlton"), the Plan's sole Trustee, as a fiduciary; appoint an independent

7  fiduciary for the Plan; and provide other appropriate equitable relief to redress

8  ERISA violations, pursuant to ERISA sections 409 and 502(a)(2) and (5), 29

9  U.S.C. §§ 1109, 1132(a)(2) and (5).

10      2.     As explained further below, Trustee Knowlton, who is also the owner,

11  President, and CEO of Ascent Construction, Inc. ("Ascent") and Ascent, engaged

12  in several prohibited transactions totaling $311,250.95 and breached their

13  fiduciary duties of prudence and loyalty to Plan participants, when Knowlton

14  withdrew money from the Plan's accounts and deposited the funds into Ascent's

15  corporate accounts and used the money for non-Plan purposes. Knowlton and

16  Ascent further failed to distribute Participant funds totaling $30,129.91. These

17  actions resulted in additional ongoing losses to the Plan and Plan participants.

18                     **Jurisdiction and Venue**

19      3.     This action arises under ERISA and is brought by the Secretary to

20  obtain relief under ERISA sections 409 and 502(a)(2) and (5), 29 U.S.C. §§ 1109,

21  1132(a)(2) and (5), to redress violations and enforce the provisions of Title I of

22  ERISA.

4.     The Court has jurisdiction over this action under 28 U.S.C. § 1331 and ERISA section 502(e)(1), 29 U.S.C. § 1132(e)(1).

5.     Under ERISA section 502(e)(2), 29 U.S.C. § 1132(e)(2), venue for this action lies in the District of Utah because the Plan was administered in Farmington, Utah, Defendant Ascent is headquartered in Farmington, Utah, and the breaches took place in or around Farmington, Utah.

## Defendants

6.     The Plan is an employee benefit plan set up to provide retirement income within the meaning of ERISA § 3(3), 29 U.S.C. § 1002(3), which is subject to the provisions of Title I of ERISA pursuant to ERISA § 4(a), 29 U.S.C. § 1003(a).  The Plan is named as a Defendant pursuant to Rule 19(a) of the Federal Rules of Civil Procedure solely to ensure that complete relief can be granted.

7.     At all relevant times, Defendant Ascent was and is the Plan sponsor. Ascent is located in Farmington, Utah that engaged in commercial contracting, engineering, and construction work. Ascent was incorporated in the State of Utah in 2000 and currently has a delinquent incorporation status. The Plan's governing documents name Plan Sponsor Ascent as the Plan's Administrator within the meaning of ERISA section 3(16), 29 U.S.C. § 1002(16). Under the Plan, the Plan Administrator has substantial discretion over the Plan, including appointing an investment manager, interpreting the Plan document, determining employee eligibility to participate in the Plan, and approving or denying claims under the

Plan. Ascent is therefore the Plan's fiduciary within the meaning of ERISA section

3(21)(A), 29 U.S.C. § 1002 (21)(A), and a party in interest to the Plan within the

meaning of ERISA Section 3(14)(A) and (C), 29 U.S.C. §§1002(14)(A) and (C);

*see also* 29 C.F.R. § 2509.75-8, D-3.

8.    At all relevant times, Defendant Knowlton was the President, Chief

Executive Officer, and co-owner of Ascent. According to the Plan's Trust

agreement, Knowlton is the Plan's Trustee. At all relevant times, Knowlton had

discretionary authority over the Plan and controlled the Plan's management and

disposition of the Plan's assets. Knowlton is therefore a fiduciary of the Plan

within the meaning of ERISA section 3(21)(A), 29 U.S.C. § 1002(21)(A), and a

party in interest to the Plan within the meaning of ERISA section 3(14)(A), (C),

(E), and (H); 29 U.S.C. §§ 1002(14) (A), (C), (E), and (H). Knowlton resides in

Bluffdale, Utah.

## Factual Allegations

9.    Under Article II of the Plan, the Plan has two accounts for holding

assets not intended for immediate distribution: an employer securities account (not

at issue here) and a general investments account. The general investments account

holds cash contributions made by Ascent to "continue the retirement benefit

program it has previously established for the benefit of its [eligible] Employees."

The Plan assets in the general investments account are held by AllianceBernstein,

the Plan's asset custodian. The Plan assets held by AllianceBernstein have been

invested into mutual funds.

10.   In addition to the two accounts for holding assets, the Plan has always had at least one checking account into which it can transfer Plan funds held in the general investment account to distribute via check to eligible Participants. The Plan had such a checking account at the Bank of Utah, until February 2020, when the Plan was forced to close that account. The Bank of Utah accordingly issued the Plan a check for $11,250.95 to close out the account. On August 24, 2020, Knowlton deposited that $11,250.95 Bank of Utah check into the Ascent Construction, Inc. Operating Account at Sunwest Bank. Knowlton subsequently used the Plan funds he had deposited into the Ascent Construction, Inc. Operating Account at Sunwest Bank for various Ascent business expenses, not for the Plan participants' or beneficiaries' benefit.

11.   The Plan later opened a checking account at Sunwest Bank. On September 21, 2021, Knowlton called Plan asset custodian AllianceBernstein and requested that $300,000 in Plan assets be transferred from the Plan's general investments account to the Plan's Sunwest Bank account. From September 22, 2021 to March 8, 2022, Knowlton t authorized 10 transactions totaling over $300,000 from the Plan's Sunwest Bank Account to the Ascent's Operating and Payroll accounts at Sunwest Bank and then used those funds to pay himself and Ascent's business expenses. As such, Defendants Ascent and Knowlton improperly withdrew Plan assets from the Plan and used them for non-Plan purposes.

12.   On April 7, 2021, the Department of Labor of Labor, Employment Benefits Security Administration ("EBSA") learned that at least one Plan participant had been unable to obtain that distribution in a timely fashion. Under the Plan, Participant was eligible to receive his benefits because he had ended his employment with Ascent in 2007 and therefore had at least a five-year break in service from Ascent. Participant completed a distribution form that Ascent received on July 15, 2019. On June 17, 2022, AllianceBernstein issued a check from the Plan's general investments account to Ascent for $30,129.91, the distribution amount owed to Participant, at Knowlton's request. That check was never deposited. The Department of Labor requested that Knowlton reissue the check directly to Participant, but Knowlton declined to do so. If the check remains undeposited, it will be escheated to the State of Utah in Ascent's name, at which time Ascent can claim the amount.

13.   As August 3, 2022, the Plan had 53 participants and a total of $141,139.26 in assets. As indicated, it is necessary to appoint an independent fiduciary is necessary to distribute the Plan funds to Plan participants and terminate the Plan.

14.   On April 5, 2023, Knowlton requested that Plan asset custodian AllianceBernstein reissue the check of the Participant's funds identified in paragraph 12 and send it to at Ascent's Farmington, Utah address. On April 6, 2023, Knowlton requested that AllianceBernstein allow him to withdraw an additional $100,000 from the Plan's general investment account. Knowlton made

these requests despite the U.S. Department of Labor putting him on notice about

the unlawfulness of his handling of the Participant's funds and his prior

withdrawals of plan asset s and despite being in ongoing discussions regarding this

matter through his attorney with the Department of Labor.

## **ERISA VIOLATIONS**

15.  Because of the facts and circumstances set forth in 1 to 14, above:

a.  Defendants Ascent and Knowlton, acting in their fiduciary

capacities, failed to act solely in the interest of the participants and beneficiaries of

the Plan and for the exclusive purpose of providing benefits to participants and

their beneficiaries, in violation of ERISA section 404(a)(1)(A), 29 U.S.C.

§ 1104(a)(1)(A).

b.  Defendants Ascent and Knowlton, acting in their fiduciary

capacities, failed to act with the care, skill prudence, and diligence under the

circumstances then prevailing that a prudent person acting in a like capacity and

familiar with such matters would use in the conduct of an enterprise of a like

character and with like aims as required by ERISA section 404(a)(1)(B), 29 U.S.C.

§ 1104(a)(1)(B).

c.  Defendants Ascent and Knowlton, acting in their fiduciary

capacities, failed to act in accordance with the documents and instruments

governing the Plan in violation of ERISA section 404(a)(1)(D), 29 U.S.C. §

1104(a)(1)(D).

d.     Defendants Ascent and Knowlton, acting in their fiduciary capacities, permitted plan assets to inure to Ascent's benefit instead of being held for the exclusive purposes of providing benefits to participants in the plan and their beneficiaries and defraying reasonable expenses of administering the plan in violation of ERISA section 403(c)(1), 29 U.S.C. § 1103(c)(1).

e.     Defendants Ascent and Knowlton, acting in their fiduciary capacities, engaged in a prohibited transaction, specifically transferring Plan assets from the Plan to Ascent, a party in interest, in violation of ERISA section 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D).

f.      Defendants Ascent and Knowlton, acting in their fiduciary capacities, engaged in prohibited transactions by dealing with Plan assets in their own interests in violation of ERISA section 406(b)(1), 29 U.S.C. § 1106(b)(1).

g.     Defendants Ascent and Knowlton, acting in their fiduciary capacities, engaged in prohibited transactions by engaging in transactions involving Plan assets with Ascent, whose interests were adverse to that of the Plan and the Plan's participants and beneficiaries in violation of ERISA section 406(b)(2), 29 U.S.C. § 1106(b)(2).

f.      Defendants Ascent and Knowlton participated knowingly in the breaches of fiduciary duty of other fiduciaries and/or had knowledge of such breaches by a co-fiduciary and failed to take reasonable efforts to remedy such breaches, in violation of ERISA § 405(a)(3), 29 U.S.C. § 1105(a)(3).

g.  Defendants Ascent and Knowlton participated knowingly in the

breaches of fiduciary duty of other fiduciaries and/or had knowledge of such

breaches by a co-fiduciary and failed to take reasonable efforts to remedy such

breaches, in violation of ERISA § 405(a), 29 U.S.C. § 1105(a).

16.  When ERISA's strict fiduciary standards are not met, as set forth in

Paragraphs 1 to 15 above, the Secretary has the authority to seek relief under

ERISA sections 409 and 502(a)(2) and (5), 29 U.S.C. §§ 1109 and 1132(a)(2) and

(5), to restore plan losses, to recover unjust profits, and to obtain other remedial

and equitable relief. The Secretary may also seek to enjoin a breaching fiduciary

from acting as a fiduciary or service provider to employee benefit plans in the

future.

**WHEREFORE**, pursuant to ERISA sections 409 and 502(a)(5), 29 U.S.C.

§§ 1109 and 1132(a)(5), Plaintiff prays that the Court:

a.  Remove Knowlton as Plan Trustee and fiduciary to the Plan and

obtain a permanent injunction barring him from serving as a

fiduciary of any ERISA-covered benefit plan;

b.  Remove Ascent as Plan Administrator and fiduciary to the Plan;

c.  Restore Plan losses, including lost opportunity costs, resulting from

Ascent and Knowlton's liability as co-fiduciaries;

d.  Order an offset of Knowlton's individual Plan account balance

against the amount Defendants owe due to their fiduciary breaches

1           under ERISA section 206(d)(4)(A)(ii), 29 U.S.C. §

2           1056(d)(4)(A)(ii);

3     e.  Obtain a permanent injunction barring the Plan Sponsor and

4           Knowlton from violating applicable ERISA provisions;

5     f.  Appoint an independent fiduciary with discretionary authority to

6           administer the Plan to effectuate its termination and the distribution

7           of Plan assets to the Participants and beneficiaries, whose reasonable

8           costs and fees would be paid for by Ascent and Knowlton;

9     g.  Impose civil penalties on the applicable recovery amount; and

10    h.  Provide such other relief as may be just and equitable.

11

12   Dated: April 19, 2023

13                        Respectfully submitted,

14                        SEEMA NANDA
                         Solicitor of Labor

15                        MARC A. PILOTIN
16                        Regional Solicitor

17                        LAURA BREMER
                         Counsel for ERISA

18                        By: /s/ Adriana Ahumada
                        ADRIANA AHUMADA
19                        Senior Trial Attorney

20

21

22

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JULIE A. SU, Acting Secretary of Labor, United States Department of Labor<br><br>Plaintiff,<br>v.<br><br>ASCENT CONSTRUCTION, INC., a Utah corporation, BRADLEY L. KNOWLTON, an individual, and ASCENT CONSTRUCTION, INC. EMPLOYEE STOCK OWNERSHIP PLAN, an employee benefit plan,<br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION<br><br><br>Case No. 1:23-cv-0047-TS-DAO<br><br>Judge Ted Stewart<br><br>Magistrate Judge Daphne A. Oberg |

This matter comes before the Court on Plaintiff's Motion for Preliminary Injunction to Prevent Further ERISA Violations[1] filed on May 2, 2023. For the reasons discussed below, the Court will grant the Motion.

## I. BACKGROUND

Plaintiff sues Defendants pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA") for violations of fiduciary duties.[2] At issue is the Ascent Construction, Inc. Employee Stock Ownership Plan (the "Plan"), which is an employee benefit plan set up to provide retirement income to former employees of Ascent Construction ("Ascent").[3] Ascent engages in the business of commercial contracting, engineering, and construction and is the

---

[1] Docket No. 12.

[2] 29 U.S.C. §§ 1001–1191c.

[3] Docket No. 1 ¶ 6.

1

Plan's administrator.[4] Bradley L. Knowlton is the President, Chief Executive Officer, and co-owner of Ascent, and the Plan's Trustee.[5]

In 2020, when the Plan's individual account balances were last calculated, the Plan had $460,189.22 in cash assets.[6] Plaintiff alleges that Knowlton made several withdrawals from the Plan from September 21, 2021 to March 8, 2022, totaling approximately $311,250.95, and deposited those funds into Ascent's corporate accounts, including operating and payroll accounts.[7] Plaintiff also alleges that Knowlton and Ascent failed to distribute funds totaling approximately $30,129.91 to Ron Bagley, a Plan participant.[8] Plaintiff asserts that the Plan's asset custodian, AllianceBernstein, issued a check to Knowlton for Bagley for $30,129.91, but Knowlton never deposited it, so Bagley did not receive what he was owed.[9] As of August 3, 2022, the Plan had 53 participants and the AllianceBernstein account had a value of $141,139.26.[10]

Plaintiff alleges that on April 5, 2023, Knowlton requested that AllianceBernstein reissue Ron Bagley's $30,129.91 check, but also asked to withdraw approximately $100,000 from the Plan's general investment account.[11] Prior to any disbursement, AllianceBernstein notified Peter Thai, an Employee Benefits Security Administration Investigator with the Department of Labor,

---

[4] *Id.* ¶ 7.

[5] *Id.* ¶ 8.

[6] Docket No. 12-1, at 3.

[7] Docket No. 1 ¶¶ 2, 11; Docket No. 12, at 6.

[8] Docket No. 1 ¶¶ 2, 12.

[9] *Id.* ¶ 12.

[10] *Id.* ¶ 13. Defendant asserts that as of April 5, 2023, the Plan assets totaled $136,000 due to "economic downturn." Docket No. 27, at 22.

[11] Docket No. 1 ¶ 14; Docket No. 12, at 7–8.

of Knowlton's request to empty the Plan.[12] AllianceBernstein did not disburse any funds to Knowlton based upon Thai's request and notification of this suit.[13] Knowlton asserts that he was moving the money to another account to more easily make disbursements to participants.[14]

The most recent disbursement requests were made after the Department of Labor put Knowlton on notice regarding the unlawful handling of the Plan's funds from September 2021 to March 2022, and while the Department of Labor and Knowlton's attorney were involved in ongoing discussions and negotiations regarding Knowlton's handling of the Plan.[15] These events, in addition to the most recent April 2023 request for funds, form the basis for Plaintiff's request for a "preliminary injunction immediately removing Knowlton as the [P]lan's trustee and Ascent as the [P]lan administrator and to enjoin them from exercising any authority or control of the [P]lan and its assets."[16] Plaintiff also "requests the Court appoint an independent fiduciary to assume control of and administer the [P]lan."[17] In total, Plaintiff alleges eight ERISA violations against Ascent and Knowlton each while acting in their fiduciary capacities.[18]

## II. DISCUSSION

To obtain a preliminary injunction, the moving party must demonstrate: "(1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4)

---

[12] Docket No. 12, at 8.

[13] *Id.*

[14] Docket No. 27, at 6.

[15] Docket No. 1 ¶ 14.

[16] Docket No. 12, at 5.

[17] *Id.*

[18] Docket No. 1 ¶ 15.

3

that the injunction is in the public interest."[19] "[A] preliminary injunction is an extraordinary

remedy; it is the exception rather than the rule."[20]

A. BURDEN

Courts disfavor preliminary injunctions that (1) mandate action (instead of prohibiting it);

(2) change the status quo; or (3) grant all the relief that the moving party could expect from a

trial win.[21] If the moving party is seeking a disfavored injunction, it "faces a heavier burden on

the likelihood-of success-on-the-merits and the balance-of-harms factors: [the party] must make a

'strong showing' that these tilt in [their] favor."[22] Defendants argue that Plaintiff's proposed

preliminary injunction contains each of these disfavored attributes. The Court agrees that the

proposed injunction seeks to alter the status quo.

"[T]he status quo is 'the last uncontested status between the parties which preceded the

controversy until the outcome of the final hearing'"[23] or the "last peaceable uncontested

status."[24] "In determining the status quo for preliminary injunctions, th[e] court looks to the

reality of the existing status and relationship between the parties and not solely to the parties'

legal rights."[25] Here, the last peaceable uncontested status was when Knowlton and Ascent were

the Trustee and Administrator of the Plan prior to the transactions at issue. Therefore, Plaintiff

seeks to alter the status quo by seeking to remove Defendants and appoint a new fiduciary to

---

[19] *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009).

[20] *GTE Corp. v. Williams*, 731 F.2d 676, 678 (10th Cir. 1984).

[21] *Free the Nipple-Fort Collins v. City of Fort Collins, Colo.*, 916 F.3d 792, 797 (10th Cir. 2019) (citing *Fish v. Kobach*, 840 F.3d 710, 724 (10th Cir. 2016)).

[22] *Id.* (quoting *Fish*, 840 F.3d at 724).

[23] *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1260 (10th Cir. 2005) (quoting *Dominion Video Satellite Inc. v. Echostar Satellite Corp.*, 269 F.3d 1149, 1155 (10th Cir. 2001)).

[24] *Id.* (internal quotation marks and citation omitted).

[25] *Dominion*, 269 F.3d at 1155.

administer the Plan. As such, the Court will apply the heightened standard to the preliminary injunction analysis.

## B. PRELIMINARY INJUNCTION FACTORS

Where, as here, a plaintiff seeks a preliminary injunction that disturbs the status quo, that request "must be more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course."[26] "[A] party seeking such an injunction must make a strong showing both with regard to the likelihood of success on the merits and with regard to the balance of harms."[27] Accordingly, "the right to relief must be clear and unequivocal."[28]

### 1. Irreparable Harm

"Because a showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction, the moving party must first demonstrate that such injury is likely before the other requirements will be considered."[29] "The purpose of a preliminary injunction is not to remedy past harm but to protect plaintiffs from irreparable injury that will surely result without their issuance."[30] "[T]he movant must demonstrate a significant

---

[26] *O Centro Espirita Beneficente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 975 (10th Cir. 2004) (en banc).

[27] *Id.* at 976.

[28] *Beltronics USA, Inc. v. Midwest Inventory Distrib., LLC*, 562 F.3d 1067, 1070 (10th Cir. 2009) (quoting *Greater Yellowstone Coal. v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003)).

[29] *DTC Energy Grp. v. Hirschfeld*, 912 F.3d 1263, 1270 (10th Cir. 2018) (alteration in original) (internal quotation marks and citation omitted).

[30] *Id.* (internal quotation marks and citations omitted).

APPENDIX 000028

risk that he or she will experience harm that cannot be compensated after the fact by money damages."[31] This is "not an easy burden to fulfill."[32]

" [S]imple economic loss usually does not, in and of itself, constitute irreparable harm; such losses are compensable by monetary damages."[33] Further a movant's delay in filing a motion for injunctive relief suggests a lack of immediacy and irreparable harms.[34]

Defendants argue that Plaintiff's delay in seeking the preliminary injunction undermines the claim of irreparable harm.[35] They argue that Investigator Thai has known about the "urgent" situation since January 2022,[36] but Plaintiff filed for an injunction on May 2, 2023.[37] The Tenth Circuit previously held that a three-month delay in filing for injunctive relief did not defeat a claim of irreparable injury when the delay was attributable to plaintiff's attempts to negotiate and the need for further documentation of the harm.[38] Here, Plaintiff asserts the delay in filing the Complaint and the Motion was due to negotiations and further investigation as the Department was not yet aware of Defendants' full conduct concerning the Plan.[39] It is unclear when Plaintiff learned of these violations. However, after Plaintiff learned of the most recent attempt to withdraw the remaining Plan assets, the Department acted quickly in filing the Complaint and

---

[31] *Id.* (internal quotation marks and citations omitted).

[32] *Greater Yellowstone Coal.*, 321 F.3d at 1258.

[33] *Heideman v. S. Salt Lake City,* 348 F.3d 1182, 1189 (10th Cir. 2003).

[34] *GTE Corp.*, 731 F.2d at 678.

[35] Docket No. 27, at 14.

[36] *Id.* at 15–16.

[37] Docket No. 12.

[38] *Kan. Health Care Ass'n, Inc. v. Kan. Dep't of Soc. & Rehab. Servs.*, 31 F.3d 1536, 1544 (10th Cir. 1994); *see also RoDa Drilling Co.*, 552 F.3d at 1211–12 ("[T]he record clearly establishes that RoDa's delay in filing its complaint arose from its attempts to resolve the dispute, rather than a decision to merely to 'sit on its rights.'").

[39] Docket No. 30, at 5–6.

seeking an injunction. Therefore, the Court finds that Plaintiff's delay does not undermine the claim of irreparable harm.

Defendants also argue that Plaintiff cannot show threat of irreparable harm because the harm is purely monetary. While monetary harm that can be compensated after the fact is not a basis for a preliminary injunction, courts have concluded irreparable harm exists where the monies may not be collectible in the future.[40]

In a separate legal action, Defendants are being sued by Zurich American Insurance Company and Fidelity and Deposit Company of Maryland ("Zurich") in the District of Utah for millions of dollars.[41] Zurich filed the case in July 2020 alleging six claims against Knowlton and Ascent,[42] including breach of contract, indemnification and unjust enrichment among other claims involving Zurich and Ascent's surety relationship.[43] Zurich acted as surety for Ascent (the principal) for approximately twenty construction projects in Utah exceeding $200 million in bonds.[44] Defendants executed a number of general indemnity agreements prior to issuance of any bonds from Zurich, agreeing to defend and indemnify Zurich from losses and reimburse Zurich for losses arising out of the bonds. Beginning in 2019, Zurich began receiving several bond

---

[40] *Johnson v. Couturier*, 572 F.3d 1067, 1081 (9th Cir. 2009); *Reebok Int'l, Ltd. v. Marnatech Enters., Inc.*, 970 F.2d 552, 559 (9th Cir. 1992); *USACO Coal Co. v. Carbomin Energy, Inc.*, 689 F.2d 94, 97 (6th Cir. 1982); *Transamerica Ins. Fin. Corp. v. N. Am. Trucking Ass'n, Inc.*, 937 F. Supp. 630, 634 (W.D. Ky. 1996).

[41] *Zurich Am. Ins. Co. v. Ascent Const., Inc.*, No. 1:20-cv-00089-DBB-CMR. As of October 2022, Zurich alleges losses of approximately $30 million in resolving surety bond claims arising from Ascent projects. ECF No. 337, at 20.

[42] Additionally, Zurich sues Knowlton's ex-wife Shondell Swenson, and Scott and Marlaine Johansen all as individual indemnitors of Zurich.

[43] *Zurich A. Ins. Co. v. Ascent Constr., Inc.*, No. 1:20-cv-00089-DBB-CMR, ECF No. 337, at 20; ECF No. 2.

[44] *Zurich Am. Ins. Co. v. Ascent Constr., Inc*, No. 1:20-cv-00089-DBB-CMR, ECF No. 337, at 20; ECF No. 18, at 13–14.

APPENDIX 000030

claims from project owners. Zurich alleges that Defendants failed to comply with the indemnity

agreements and that they owe "dozens, if not hundreds, of local subcontractors/suppliers."[45]

Additionally, Zurich alleges that Knowlton used project funds intended for those subcontractors

and suppliers.[46] Zurich currently has a summary judgment motion pending in the case.

Zurich is also suing Knowlton and Ascent in the Third District Court of Utah alleging

that Ascent made transfers to insider defendants with intent to hinder, delay, or defraud Zurich in

violation of Utah code.[47] In that case, Zurich asserts that Ascent transferred approximately

$700,000 in bonded contract funds to the Plan to benefit himself and others.[48]

In a deposition taken in early 2022, Knowlton stated that Ascent has no ongoing

construction projects and no upcoming projects.[49] He also discussed the mass exodus of

employees from Ascent which employed up to 130 employees in June 2019, but by 2021 only

had two or three employees.[50] Additionally, Investigator Thai stated that Knowlton reported

Ascent was in financial distress and former employees told Thai that Ascent was no longer

operating.[51] As such, while the harm here is monetary, it appears likely that the Plan funds will

not be recoverable should Knowlton be allowed to continue as fiduciary, especially since many

of the employees entitled to the funds will not be eligible for disbursements until at least 2024 or

---

[45] *Zurich Am. Ins. Co. v. Ascent Constr., Inc*, No. 1:20-cv-00089-DBB-CMR, ECF No. 2 ¶ 32.

[46] *Zurich Am. Ins. Co. v. Ascent Constr., Inc*, No. 1:20-cv-00089-DBB-CMR, ECF No. ¶ 25.

[47] *Zurich Am. Ins. Co. v. Ascent Constr., Inc. et al.*, No. 200907502.

[48] *Zurich Am. Ins. Co. v. Ascent Constr., Inc. et al.*, No. 200907502, Docket No. 36, at 17.

[49] Docket No. 30-2, at 205. He also stated that Ascent had not bid on new work since 2020. *Id.* at 206.

[50] *Id.* at 208–09. In January 2020, Knowlton estimated that Ascent had fewer than 30 employees. *Id.* at 209.

[51] Docket No. 12-1, at 10.

2025. While AllianceBernstein has frozen the Plan's remaining assets,[52] it is unclear how long that can continue. Further, Mr. Bagley is still owed his disbursement, and new requests for disbursements could begin next year as employee's disbursements begin to vest, making a new fiduciary necessary. Based on these facts, the Court finds there would be irreparable harm if the preliminary injunction is not issued. Therefore, this factor weighs in favor of the injunction.

### 2. Substantial Likelihood of Success on the Merits

"The heightened standard applicable to a disfavored preliminary injunction requires the Plaintiff[] to make a strong showing that their [claims are] substantially likely to succeed on its merits."[53] Plaintiff alleges eight ERISA violations each against Ascent and Knowlton.[54] As a preliminary matter, Plaintiff sufficiently demonstrates that the Plan is an ERISA-covered plan; Ascent, as the Plan's sponsor, employer, and administrator is a party in interest and fiduciary to the Plan within the meaning of ERISA;[55] and, as the only trustee, Knowlton is a fiduciary and party in interest to the Plan.[56] The Court will address the claims in turn below.

### a. 29 U.S.C. § 1104(a)(1)(A)

Section 1104(a)(1)(A) requires that a fiduciary discharge their duties "with respect to a plan solely in the interests of the participants and beneficiaries and . . . for the exclusive purpose of . . . . providing benefits to participants and their beneficiaries; and defraying reasonable expenses of administering the plan" Plaintiff asserts that Defendants' most recent attempt to "drain the Plan's assets along with past Plan asset misappropriations" demonstrate this

---

[52] *Id.* at 8.

[53] *Free the Nipple*, 916 F.3d at 798 (citing *Fish*, 840 F.3d at 723–24).

[54] Docket No. 1 ¶ 15.

[55] 29 U.S.C. §§ 1002(14)(A), (C), (16), and (21)(A).

[56] *Id.* §§ 1002(21)(A), (14)(A), (C), (E), and (H).

violation.[57] In support of this claim, Plaintiff provides the following: bank records showing an $11,250 deposit from the Plan's checking account into Ascent's operating account at Sunwest Bank, which Knowlton used to pay business expenses of Ascent during the same month (August 2020);[58] Investigator Thai's declaration that Knowlton transferred $300,000 of Plan assets on September 21, 2021, into Ascent checking accounts to pay various business transactions involving operations and payroll from September 2021 to March 2022, including using funds to pay himself and Olga Velazquez, one of Ascent's last remaining employees;[59] bank account records evidencing these transactions; account agreements showing that Knowlton is the only signatory listed on the Plan's checking account, Ascent's Sunwest Bank operating account, and Ascent's Sunwest Bank's Payroll Account, and show Knowlton must have authorized any transfer from these accounts;[60] and finally, declarations of Investigator Thai and former Ascent employee, Ron Bagley, that Bagley was eligible for a $30,129.91 distribution when he requested it in 2019, but Knowlton repeatedly failed to pay him, despite ongoing requests.[61] Plaintiff demonstrates that these actions were not taken for the benefit of the Plan or its participants or beneficiaries, but instead for the benefit of Knowlton and Ascent.

Furthermore, Knowlton states in his own declaration that the Plan transferred $300,000 to Ascent "for the purpose of purchasing additional shares of Ascent."[62] Plaintiff points out that Knowlton previously represented through his attorney that the $300,000 transfer was a personal

---

[57] Docket No. 12, at 10.

[58] Docket No 12-1, at 4; Docket No. 12-3, at 20, 22–25.

[59] Docket No. 12-1, at 5–6; Docket No. 12-3, at 84, 88, 94, 99, 101, 103, 105, 109 (Sunwest Bank Plan Checking Account statements).

[60] Docket No. 12-1, at 6–7; Docket No. 12-3, at 65–66, 260–61, 263–64.

[61] Docket No. 12-1, at 7–8; Docket No. 30-5, at 2–3.

[62] Docket No. 27, at 5.

loan that he would pay back.[63] Whether he was buying stock or loaning himself money, both are prohibited under ERISA.[64] Further, any purchase of company stock would not benefit Plan participants or their beneficiaries given that Ascent has had few employees and no construction contracts since 2020.[65]

Based upon on the evidence presented, the Court finds that Plaintiff has made a strong showing of likelihood of success on the merits as to this claim.

b. 29 U.S.C. § 1104(a)(1)(B)

Section 1104(a)(1)(B) requires an ERISA fiduciary to act solely in the interest of participants and beneficiaries, "with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims." "The prudence analysis centers on 'whether the [fiduciary], at the time they engaged in the challenged transactions, employed the appropriate methods to investigate the merits of the investment and to structure the investment.'"[66] Based on the evidence above, the Court finds that Plaintiff has made a strong showing of substantial likelihood of success on the merits as to this claim.

---

[63] Docket No. 30, at 8–9.

[64] *See* 29 U.S.C. § 1106(b) ("A fiduciary with respect to a plan shall not (1) deal with the assets of the plan in his own interest or for his own account, (2) in his individual . . . capacity act in any transaction involving the plan on behalf of a party . . . whose interests are adverse to the interests of the plan or the interests of its participants or beneficiaries . . . ."); *Id.* § 1108(e)(1) (stating that ERISA does not prohibit an "acquisition, sale or lease" if it "is for adequate consideration").

[65] Docket No. 30-2, at 206.

[66] *Martin v. Harline*, No. Civ.A 87-NC-115J, 1992 WL 12151224, at *13 (D. Utah Mar. 30, 1992) (quoting *Donovan v. Mazzola*, 716 F.2d 1226, 1232 (9th Cir. 1983)).

APPENDIX 000034

c. 29 U.S.C. § 1104(a)(1)(D)

Section 1104(a)(1)(D) requires an ERISA fiduciary to act "in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with provisions of [ERISA]." Here, "the Plan states it is meant to comply with ERISA and all formal regulations and rules."[67] Therefore, Defendants' alleged self-dealing with Plan assets as detailed above demonstrates a strong showing of a substantial likelihood of success as to this claim.

d. 29 U.S.C. § 1103(c)(1)

Section 1103(c)(1) provides that "the assets of a plan shall never inure to the benefit of any employer and shall be held for the exclusive purposes of providing benefits to participants in the plan and their beneficiaries and defraying reasonable expenses of administering the plan." Based on the evidence discussed above, the Court finds that Plaintiff made a strong showing that Defendants used Plan assets outside of the exclusive benefit of Plan participants and, therefore, demonstrate a substantial likelihood of success as to this claim.

e. 29 U.S.C. §§ 1106(a)(1)(D), (b)(1), (2)

Section 1106(a)(1)(D) prohibits a fiduciary from engaging in a transaction, "if he knows or should know that such transaction constitutes a direct or indirect . . . transfer to, or use by or for the benefit of a party in interest, of any assets of the plan." Sections 1106(b)(1) and (2) state that a fiduciary "shall not . . .  deal with the assets of the plan in his own interest or for his own account," or "in his individual or in any other capacity in any transaction involving the plan on behalf of a party . . . whose interests are adverse to the interest of the plan or the interests of its participants or beneficiaries." Based on the evidence Plaintiff presented, the Court finds that

---

[67] Docket No. 12-2, at 11. ("This Plan is continued and maintained by Ascent Construction, Inc. . . . for the benefit of its Employees . . . .").

12

Plaintiff has established a strong showing of likelihood of success on the merits for each of these claims.

    f. 29 U.S.C. 1105(a)(3)

    Section 1105(a)(3) provides that in addition to any other liability under ERISA, "a fiduciary shall be liable for breach of fiduciary responsibility of another fiduciary with respect to the same plan . . . if he has knowledge of a breach by such other fiduciary, unless he makes reasonable efforts under the circumstances to remedy the breach." Plaintiff does not address this claim specifically; however, she appears to be operating under the theory that both Ascent and Knowlton had knowledge of breaches by the other and failed to undertake reasonable efforts to remedy them.[68] Based on the evidence, Plaintiff makes a strong showing of likelihood of success on the merits as to this claim.

    Based on the foregoing, the Court finds that this factor weighs in favor of granting the injunction.

    *3. Balance of Hardships*

    Under the heightened standard, Plaintiff needs to make a strong showing that the balance of hardships weighs in her favor.[69] Defendants erroneously argue that there will be no harm to the government as "none of the government's assets are actually at risk."[70] However, courts have recognized the need to "protect[] against future harm to ERISA plans"[71] that "would leave . . . participants without benefits whose security ERISA strives above all else to protect."[72]

---

    [68] Docket No. 1, at 8.

    [69] *See Free the Nipple*, 916 F.3d at 801.

    [70] Docket No. 27, at 21.

    [71] *Solis v. Hutcheson*, No. 1:12-cv-236-EJL, 2012 WL 2151525, at *6 (D. Idaho June 13, 2012).

    [72] *Johnson*, 572 F.3d at 1081.

13

Defendants also argue that the injunction would cause harm to the Plan because if the injunction is granted, the Plan will be emptied to pay for an independent fiduciary.[73] While the Plan will have to pay a fee or fees for the independent fiduciary, based upon Defendants' alleged use of the Plan assets for personal benefit and the importance of protecting the Plan from future harm, the Court finds that this factor weighs in favor of granting the injunction.

### 4. Public Interest

Finally, before granting an injunction, a court must "weigh the case-specific equities in favor of both parties and the public interest."[74] Plaintiff argues that issuance of a preliminary injunction will not be adverse to public interest as "Congress declared a national public interest in protecting 'the continued well-being and security of millions of employees and their dependents . . . directly affected by [ERISA] plans.'"[75] The Court agrees. Based on public interest in protecting ERISA plans, the Court finds that this factor also weighs in favor of issuing the preliminary injunction.

### III. CONCLUSION

Plaintiff has sufficiently established the factors necessary for injunctive relief. Therefore, the Court will grant Plaintiff's Motion for Preliminary Injunction and issue a preliminary injunction to remove Defendants from their fiduciary duties as administrator and trustee and appoint an independent fiduciary to manage the Plan.

It is therefore

ORDERED that Plaintiff's Motion for Preliminary Injunction (Docket No. 12) is GRANTED. The Court will issue the preliminary injunction in a separate filing.

---

[73] Docket No. 27, at 21–22.

[74] *Sanders v. Mountain Am. Fed. Credit Union*, 689 F.3d 1138, 1144 (10th Cir. 2012).

[75] Docket No. 12, at 14 (quoting 29 U.S.C. § 1001(a)).

APPENDIX 000037

DATED this 3rd day of July, 2023.

BY THE COURT:

_____

TED STEWART
United States District Judge

15

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

|  |  |
|---|---|
| JULIE A. SU,<br>Acting Secretary of Labor,<br>United States Department of Labor,<br><br>       Plaintiff,<br>    v.<br><br>ASCENT CONSTRUCTION, INC., a Utah<br>corporation, BRADLEY L. KNOWLTON, an<br>individual, and ASCENT CONSTRUCTION, INC.<br>EMPLOYEE STOCK OWNERSHIP PLAN, an<br>employee benefit plan,<br><br>       Defendants. | Case No. 1:23-cv-00047-TS<br><br><br>PRELIMINARY INJUNCTION |

**APPENDIX 000039**

1       For good cause shown, the Secretary's Motion for Preliminary Injunction removing

2   Bradley L. Knowlton and Ascent Construction, Inc. as Fiduciaries and Appointing an

3   Independent Fiduciary is GRANTED. IT IS HEREBY ORDERED that:

4       1.    Defendant Bradley L. Knowlton ("Knowlton"), Defendant Ascent Construction,

5   Inc. ("Ascent"), any other person serving as a Plan trustee, Plan Administrator, or Plan fiduciary

6   at the time of this Order, and anyone acting on their behalf, including their officers, agents,

7   employees, assigns, subsidiaries, affiliates, service providers, accountants, and attorneys, are

8   removed as fiduciaries, trustees, administrators, sponsors and from all other positions of

9   authority or control over the Ascent Construction Employee Stock Ownership Plan (the "Plan"),

10   and are enjoined from acting as fiduciaries on behalf of the Plan, and from exercising any

11   authority or control with respect to the Plan.

12       2.    AMI Benefit Plan Administrators, Inc. ("Independent Fiduciary") is hereby

13   appointed as the Independent Fiduciary to the Plan. The Independent Fiduciary shall also serve

14   as the successor Trustee and Plan Administrator of the Plan and shall have full and exclusive

15   fiduciary authority over the Plan's administration and management, and control of the Plan's

16   assets, as set forth in ERISA and the Plan's governing documents.

17       3.    Knowlton and any other person serving as a Plan trustee or fiduciary at the time

18   of this Order, and anyone acting on their behalf, including their officers, agents, employees,

19   assigns, subsidiaries, affiliates, service providers, accountants, and attorneys, are to immediately

20   notify the Independent Fiduciary within twenty-four (24) hours of entry of this Order of all

21   funds from trust accounts or bank accounts that contain Plan assets (other than the account listed

22   in Paragraph 6, below).

23       4.    Knowlton and any other person serving as a Plan trustee or fiduciary at the time

of this Order, and anyone acting on their behalf, including their officers, agents, employees, assigns, subsidiaries, affiliates, service providers, accountants, and attorneys, are enjoined to preserve, secure, and immediately produce to the Independent Fiduciary, upon the Independent Fiduciary's direction, all books, records, and documents, including electronic files, that relate to the administration, management, and operation of the Plan and the Plan's assets.

5.   Knowlton and any other person serving as a Plan trustee or fiduciary at the time of this Order, and anyone acting on their behalf, including their agents, officers, employees, assigns, subsidiaries, affiliates, service providers, accountants, and attorneys, are enjoined from expending, transferring, hypothecating, secreting, or otherwise obligating or disposing of any assets of the Plan, and from destroying, altering, or secreting any of the Plan's documents, books, records, or electronic files or data, or the documents, books, records, or electronic files or data of any associated trust accounts or bank accounts.

6.   The following account that holds plan assets shall immediately be subject to the Independent Fiduciary's exclusive control:

AllianceBernstein, Nashville, Tennessee: Business Elite Checking Account No. XXXX5128.

7.   The account referenced in Paragraph Six, above, shall be allowed to continue to receive deposits, but all transfer or withdrawal of funds from this account shall be done only at the Independent Fiduciary's exclusive control and direction.

8.   Knowlton and any other person serving as a Plan trustee or fiduciary at the time of this Order, shall execute and timely tender to the Independent Fiduciary or its representative, agent, or attorneys any and all documents, files, or other items necessary to transfer sole control

1   and governance of all accounts in the name of the Plan, including the accounts listed in

2   Paragraph Six, above, to the Independent Fiduciary.

3       9.    Knowlton and any other person serving as a Plan trustee or fiduciary at the time

4   of this Order, shall require anyone acting on their behalf, including their officers, employees,

5   assigns, attorneys, agents, advisers, and representatives, and all persons who serve in any

6   capacity that involves decision-making authority for them, to act and discharge their duties in

7   full compliance with the terms of this Order and shall require that they not take any action in the

8   discharge of such duties that is inconsistent with the terms of this Order. Knowlton and any

9   other person serving as a Plan trustee or fiduciary at the time of this Order, also shall require

10   anyone acting on their behalf, including their officers, employees, assigns, attorneys, agents,

11   advisers, representatives, and all persons who serve in any capacity that involves decision-

12   making authority for them, as a condition of maintaining their relationships with them, to

13   cooperate completely and immediately with the Independent Fiduciary in the performance of

14   the Independent Fiduciary's duties and responsibilities.

15       10.    Knowlton and any other person serving as a Plan trustee or fiduciary at the time

16   of this Order, shall provide a copy of this Order to anyone acting on their behalf, including all

17   their officers, employees, assigns, attorneys, agents, advisers, representatives, and all persons

18   who serve in any capacity that involves any decision-making authority for them, within five (5)

19   days after the entry of this Order.

20       11.    The Independent Fiduciary shall have sole and exclusive responsibility and

21   authority to control and manage the Plan and all assets of the Plan, including, but not limited to:

22       a.    Authority to exercise all fiduciary responsibilities relating to the Plan, including,

23   but not limited to, the responsibility to act as the administrator of the Plan;

---

PRELIMINARY INJUNCTION
Case No. 1:23-cv-00047-TS

**APPENDIX 000042**

b.      Authority given to trustees under the terms of the documents governing the Plan;

c.      Authority to amend the documents governing the Plan;

d.      Exclusive authority to appoint, replace, and remove such administrators, trustees, attorneys, employees, assigns, agents, and service providers, as the Independent Fiduciary shall, in the Independent Fiduciary's sole discretion, determine are necessary to aid the Independent Fiduciary in the exercise of the Independent Fiduciary's powers, duties, and responsibilities to the Plan;

e.      Authority to terminate the Plan, if it is in the best interest of the Plan and, in that event, to establish a claims submission deadline and to adjudicate all claims filed by such deadline and to deny claims not filed by the claims submission deadline;

f.      Authority to adjudicate and pay or deny all claims submitted to the Plan;

g.      Authority to identify and pursue recovery of the Plan's assets as well as any monies to which the Plan has a right of recovery;

h.      Authority to identify and pursue claims on behalf of the Plan;

i.      Except as provided herein, the authority to delegate to such administrators, trustees, attorneys, employees, agents, assigns, and service providers such fiduciary responsibilities as the Independent Fiduciary shall determine appropriate. The Independent Fiduciary may not, however, delegate the authority to appoint, replace and remove such administrators, trustees, attorneys, employees, agents, assigns, and service providers or the responsibility to monitor the activities of the trustees, attorneys, employees, agents, assigns, and service providers of the Plan; and

j.      Authority to pay itself $8,610 in reasonable and necessary fees from the Plan for services performed and to pay the reasonable and necessary fees of service providers.

1    The Independent Fiduciary may seek no more than $6,360 in additional reasonable and

2    necessary fees if more than one distribution of Plan assets to Plan participants is

3    necessary or an additional $15,000 in reasonable and necessary fees if it is necessary to

4    conduct a valuation of Ascent stock.  Defendants Knowlton and Ascent shall be

5    responsible for repaying the Plan for such funds expended.

6        12.    The Independent Fiduciary shall not be discharged or terminated during the

7    duration of this Order except by leave of Court, upon application by either the Secretary or the

8    Independent Fiduciary. Upon termination, discharge, or resignation of the Independent

9    Fiduciary during the term of this Order, the Secretary shall recommend a successor Independent

10   Fiduciary for appointment by the Court. Recommendations for a successor Independent

11   Fiduciary shall be made by the Secretary within such periods as the Court, by further order, may

12   provide and require.

13       13.    This Order shall not be construed to limit the Secretary or the Independent

14   Fiduciary from seeking to hold any other person liable for the fees and expenses paid to, or

15   incurred by, the Independent Fiduciary as appropriate equitable relief under ERISA or under

16   any other applicable law.

17       14.    The Independent Fiduciary shall cooperate fully with the Secretary in the

18   exercise of the Secretary's enforcement responsibilities under ERISA, inter alia, by promptly

19   providing such documents, information, and persons under the Independent Fiduciary's control

20   as the Secretary from time to time may request. Nothing herein shall be construed to limit the

21   rights of the Secretary to maintain access to documents, information, or persons or to waive or

22   restrict the exercise by the Independent Fiduciary and any individual of his or her constitutional

23   rights.

15.     The Secretary may provide to the Independent Fiduciary any documents necessary to the administration of the Plan and to assist the recovery and identification of the Plan's assets. To the extent any privilege or confidentiality applies to any such documents, the privilege or confidentiality is not waived and is preserved when documents are provided to the Independent Fiduciary.

16.     The payment of administrative expenses and all fees to the Independent Fiduciary and the Independent Fiduciary's assistants, attorneys, accountants, actuaries, and other necessary service providers are to be considered priority administrative expenses of the Plan, superior to any other class of expense or obligation of the Plan and the Independent Fiduciary's second priority is to be the payment of legitimate claims. On a quarterly basis, the Independent Fiduciary shall provide the Secretary with a report of all significant actions taken and all Plan assets expended in its administration of the Plan.

17.     The Independent Fiduciary shall have standing to enforce this Order, including the authority to seek contempt or other appropriate sanctions against any party that fails to comply with any provision of this Order.

18.     The terms of the documents governing the Plan are hereby amended to include the terms of this Order. This Order shall, for the term of this Order, supersede all other provisions in any documents governing the Plan that are inconsistent with the terms of this Order, including, but not limited to, the Plan's documents and trust agreements.

19.     Nothing in this Order shall be construed:

    a.     To limit the powers and responsibilities of any officer or employee of the United States under ERISA or any other law, or

b. To relieve the Plan, or any of their administrators, fiduciaries, officers, trustees, custodians, attorneys, agents, employees, assigns, advisers, providers of goods or services, consultants, representatives in any capacity, or persons who serve in any capacity that involves decision making authority or custody or control of the monies, funds or assets of the Plan prior to the appointment of the Independent Fiduciary of any duty, responsibility, or liability under ERISA or any other law.

20. This Court shall retain jurisdiction over the parties and subject matter of this action for the purpose of enforcing this Order. Provisions of this Order requiring service and notice to the Independent Fiduciary and the Secretary shall be satisfied by delivering it in writing as follows:

**To the Independent Fiduciary:**
AMI Benefit Plan Administrators, Inc.
100 Terra Bella Drive
Youngstown, OH 44505

**To the Secretary:**
Office of the Solicitor
Attn: Adriana Ahumada
90 Seventh Street, Suite 3-700
San Francisco, CA 94103

21. The parties to this Order may, as they deem necessary, change the designation of persons to receive service and notice on their behalf by filing with the Court notification of such change and serving a copy thereof on the other party or parties to this Order.

22. Any party subject to this Order may seek relief from or amendment to this Order.

23. Pursuant to Rule 65(c) of the Federal Rules of Civil Procedure, no bond or other security shall be required of the Secretary.

1   DATED this 3rd day of July, 2023.

2

3                                                TED STEWART
                                                 United States District Judge
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

PRELIMINARY INJUNCTION
Case No. 1:23-cv-00047-TS                                              Page 8

MARC PILOTIN
Regional Solicitor
LAURA BREMER (Ca. Bar No. 162900)
Counsel for ERISA
ADRIANA AHUMADA (Ca. Bar No. 274295)
Senior Trial Attorney
UNITED STATES DEPARTMENT OF LABOR
90 7th Street, Suite 3-700
San Francisco, CA 94103-1516
Telephone: (206) 757-6757
Fax: (206) 757-6761
Email: ahumada.adriana.e@dol.gov
*Attorneys for Plaintiff Secretary of Labor*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

|  |  |
|---|---|
| JULIE A. SU,<br>Acting Secretary of Labor,<br>United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>ASCENT CONSTRUCTION, INC., a Utah corporation, BRADLEY L. KNOWLTON, an individual, ASCENT CONSTRUCTION, INC. EMPLOYEE STOCK OWNERSHIP PLAN, an employee benefit plan, and ASCENT CONSTRUCTION, INC. 401(K) PLAN, an employee benefit plan,<br><br>Defendants. | Case No. 1:23-CV-47-TS-DAO<br><br>**FIRST AMENDED COMPLAINT FOR VIOLATIONS OF ERISA** |

1.     Julie A. Su, Acting Secretary of Labor for the United States Department of Labor ("the Secretary"), brings this action pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1191c, requesting that the Court restore losses to the Ascent Construction, Inc. Employee Stock Ownership Plan (the "ESOP Plan"); remove Bradley L. Knowlton ("Knowlton"), the ESOP Plan's sole Trustee, as a fiduciary of the ESOP Plan and of the Ascent Construction, Inc. 401(k) Plan (the "401(k) Plan") (together the "Plans"); appoint an independent fiduciary for the Plans; and provide other appropriate equitable relief to redress ERISA violations, pursuant to ERISA sections 409 and 502(a)(2) and (5), 29 U.S.C. §§ 1109, 1132(a)(2) and (5).

2.     As explained further below, Ascent Construction, Inc. ("Ascent") and Trustee Knowlton, who is also Ascent's co-owner, President, and CEO, engaged in several prohibited transactions totaling $311,250.95 and breached their fiduciary duties of prudence and loyalty to ESOP Plan participants, when Knowlton withdrew money from the ESOP Plan's accounts, deposited the funds into Ascent's corporate accounts, and used the money for non-ESOP-Plan purposes. Knowlton and Ascent further failed to distribute ESOP Plan participant funds totaling $30,129.91 from the ESOP Plan. These actions resulted in additional ongoing losses to the ESOP Plan and ESOP Plan participants. In addition, Knowlton failed to properly administer the 401(k) Plan. Specifically, he failed to authorize at least one request by a 401(k) Plan participant to rollover their 401(k) Plan account balance to another retirement account, thereby unlawfully preventing 401(k) Plan participants from accessing

1    their 401(k) Plan assets.

2    <u>**Jurisdiction and Venue**</u>

3    3.    This action arises under ERISA and is brought by the Secretary to

4    obtain relief under ERISA sections 409 and 502(a)(2) and (5), 29 U.S.C. §§ 1109,

5    1132(a)(2) and (5), to redress violations and enforce the provisions of Title I of

6    ERISA.

7    4.    The Court has jurisdiction over this action under 28 U.S.C. § 1331 and

8    ERISA section 502(e)(1), 29 U.S.C. § 1132(e)(1).

9    5.    Under ERISA section 502(e)(2), 29 U.S.C. § 1132(e)(2), venue for this

10    action lies in the District of Utah because the Plans were administered in

11    Farmington, Utah, Defendant Ascent is headquartered in Farmington, Utah, and

12    the breaches took place in or around Farmington, Utah.

13    <u>**Defendants**</u>

14    6.    The Plans are employee benefit plans set up to provide retirement

15    income within the meaning of ERISA § 3(3), 29 U.S.C. § 1002(3), which are

16    subject to the provisions of Title I of ERISA pursuant to ERISA § 4(a), 29 U.S.C.

17    § 1003(a). The Plans are named as a Defendants pursuant to Rule 19(a) of the

18    Federal Rules of Civil Procedure solely to ensure that complete relief can be

19    granted.

20    7.    At all relevant times, Defendant Ascent was and is the sponsor of the

21    Plans. Ascent is located in Farmington, Utah and was engaged in commercial

22    contracting, engineering, and construction work. Ascent was incorporated in the

State of Utah in 2000 and currently has a delinquent incorporation status.

8.    The ESOP Plan's governing documents name Plan Sponsor Ascent as the ESOP Plan's Plan Administrator within the meaning of ERISA section 3(16), 29 U.S.C. § 1002(16). Under the ESOP Plan, the Plan Administrator has substantial discretion over the ESOP Plan, including appointing an investment manager, interpreting the ESOP Plan document, determining employee eligibility to participate in the ESOP Plan, and approving or denying distributions under the ESOP Plan. Ascent is therefore the ESOP Plan's fiduciary within the meaning of ERISA section 3(21)(A), 29 U.S.C. § 1002 (21)(A), and a party in interest to the ESOP Plan within the meaning of ERISA Section 3(14)(A) and (C), 29 U.S.C. §§1002(14)(A) and (C); *see also* 29 C.F.R. § 2509.75-8, D-3.

9.    At all relevant times, Defendant Knowlton was the President, Chief Executive Officer, and co-owner of Ascent. According to the ESOP Plan's Trust agreement, Knowlton is the ESOP Plan's Trustee. At all relevant times, Knowlton had discretionary authority over the ESOP Plan and controlled the ESOP Plan's management and disposition of the ESOP Plan's assets. Knowlton is therefore a fiduciary of the ESOP Plan within the meaning of ERISA section 3(21)(A), 29 U.S.C. § 1002(21)(A), and a party in interest to the ESOP Plan within the meaning of ERISA section 3(14)(A), (C), (E), and (H); 29 U.S.C. §§ 1002(14) (A), (C), (E), and (H). Knowlton resides in Bluffdale, Utah.

10.   Upon information and belief, the 401(k) Plan's governing documents name 401(k) Plan Sponsor Ascent as the Plan Administrator within the meaning of

ERISA section 3(16), 29 U.S.C. § 1002(16). The Plan Administrator has substantial discretion over the 401(k) Plan, including interpreting the 401(k) Plan document, determining employee eligibility to participate in the 401(k) Plan, and approving or denying distributions under the 401(k) Plan. Ascent is the 401(k) Plan's fiduciary within the meaning of ERISA section 3(21)(A), 29 U.S.C. § 1002 (21)(A), and a party in interest to the 401(k) Plan within the meaning of ERISA Section 3(14)(A) and (C), 29 U.S.C. §§1002(14)(A) and (C); *see also* 29 C.F.R. § 2509.75-8, D-3.

11.   Upon information and belief, Knowlton had discretionary authority over the 401(k) Plan and controlled the 401(k) Plan's management and disposition of the 401(k) Plan's assets. The 401(k) Plan document also explicitly lists Knowlton as a trustee to the 401(k) Plan. Knowlton is therefore a fiduciary of the 401(k) Plan within the meaning of ERISA section 3(21)(A), 29 U.S.C. § 1002(21)(A), and a party in interest to the 401(k) Plan within the meaning of ERISA section 3(14)(A), (C), (E), and (H); 29 U.S.C. §§ 1002(14) (A), (C), (E), and (H).

### Factual Allegations

12.   Under Article II of the ESOP Plan, the ESOP Plan has two accounts for holding assets not intended for immediate distribution: an employer securities account (not at issue here) and a general investments account. The general investments account holds cash contributions made by Ascent to "continue the retirement benefit program it has previously established for the benefit of its

[eligible] Employees." The ESOP Plan assets in the general investments account are held by AllianceBernstein, the ESOP Plan's asset custodian. The ESOP Plan assets held by AllianceBernstein have been invested into mutual funds.

13.   In addition to the two accounts for holding assets, the ESOP Plan has had at least one checking account into which it can transfer ESOP Plan funds held in the general investment account to distribute via check to eligible Participants. The ESOP Plan had such a checking account at the Bank of Utah, until February 2020, when the ESOP Plan was forced to close that account. The Bank of Utah accordingly issued the ESOP Plan a check for $11,250.95 to close out the account. On August 24, 2020, Knowlton deposited that $11,250.95 Bank of Utah check into the Ascent Construction, Inc. Operating Account at Sunwest Bank. Knowlton subsequently used the ESOP Plan funds he had deposited into the Ascent Construction, Inc. Operating Account at Sunwest Bank for various Ascent business expenses, not for the ESOP Plan participants' or beneficiaries' benefit.

14.   The ESOP Plan later opened a checking account at Sunwest Bank. On September 21, 2021, Knowlton called ESOP Plan asset custodian AllianceBernstein and requested that $300,000 in ESOP Plan assets be transferred from the ESOP Plan's general investments account to the ESOP Plan's Sunwest Bank account. From September 22, 2021 to March 8, 2022, Knowlton authorized 10 transactions totaling over $300,000 from the ESOP Plan's Sunwest Bank Account to the Ascent's Operating and Payroll accounts at Sunwest Bank and then used those funds to pay himself and Ascent's business expenses. As such,

Defendants Ascent and Knowlton improperly withdrew ESOP Plan assets from the ESOP Plan and used them for non-ESOP-Plan purposes.

15.   On April 7, 2021, the Department of Labor of Labor, Employment Benefits Security Administration ("EBSA") learned that at least one Plan participant had been unable to obtain that distribution in a timely fashion. Under the ESOP Plan, Participant was eligible to receive his benefits because he had ended his employment with Ascent in 2007 and therefore had at least a five-year break in service from Ascent. Participant completed a distribution form that Ascent received on July 15, 2019. On June 17, 2022, AllianceBernstein issued a check from the ESOP Plan's general investments account to Ascent for $30,129.91, the distribution amount owed to Participant, at Knowlton's request. That check was never deposited. The Department of Labor requested that Knowlton reissue the check directly to Participant, but Knowlton declined to do so. If the check remains undeposited, it will be escheated to the State of Utah in Ascent's name, at which time Ascent can claim the amount.

16.   As of August 3, 2022, the ESOP Plan had 53 participants and a total of $141,139.26 in assets. As indicated, it is necessary to appoint an independent fiduciary is necessary to distribute the ESOP Plan funds to Plan participants and terminate the ESOP Plan.

17.   On April 5, 2023, Knowlton requested that ESOP Plan asset custodian AllianceBernstein reissue the check of the Participant's funds identified in paragraph 12 and send it to at Ascent's Farmington, Utah address. On April 6,

1   2023, Knowlton requested that AllianceBernstein allow him to withdraw an

2   additional $100,000 from the ESOP Plan's general investment account. Knowlton

3   made these requests despite the U.S. Department of Labor putting him on notice

4   about the unlawfulness of his handling of the ESOP Participant's funds and his

5   prior withdrawals of plan assets and despite being in ongoing discussions

6   regarding this matter through his attorney with the U.S. Department of Labor.

7       18.   Within the last month, the U.S. Department of Labor received

8   information that Defendants were failing to administer the 401(k) Plan in

9   accordance with ERISA. Specifically, the U.S. Department of Labor learned that

10  at least one 401(k) Plan participant[1] was unable to transfer their 401(k) Plan funds

11  to another retirement account in 2020 and 2021. The 401(k) Plan participant

12  explained that the 401(k) Plan required that they obtain Knowlton's signature to

13  authorize the transfer of their 401(k) Plan account to another retirement account.

14  Despite attempts to obtain Knowlton's signature, Knowlton failed to sign the

15  required paperwork to rollover the 401(k) account. To this date, the 401(k) Plan

16  participant has been unable to access their 401(k) Plan assets.

17  <u>**ERISA VIOLATIONS**</u>

18      19.   Because of the facts and circumstances set forth in 1 to 18, above:

19          a.   Defendants Ascent and Knowlton, acting in their fiduciary

20

21  [1] The Acting Secretary of Labor disclosed the name of the 401(k) participant to the
    Defendants attorney on [DATE] and has issued a notice of deposition to depose
22  the 401(k) participant on September 28, 2023.

1    capacities, failed to act solely in the interest of the participants and beneficiaries of

2    the Plans and for the exclusive purpose of providing benefits to participants and

3    their beneficiaries, in violation of ERISA section 404(a)(1)(A), 29 U.S.C.

4    § 1104(a)(1)(A).

5         b.    Defendants Ascent and Knowlton, acting in their fiduciary

6    capacities, failed to act with the care, skill prudence, and diligence under the

7    circumstances then prevailing that a prudent person acting in a like capacity and

8    familiar with such matters would use in the conduct of an enterprise of a like

9    character and with like aims with respect to the Plans as required by ERISA

10   section 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B).

11        c.    Defendants Ascent and Knowlton, acting in their fiduciary

12   capacities, failed to act in accordance with the documents and instruments

13   governing the Plans in violation of ERISA section 404(a)(1)(D), 29 U.S.C. §

14   1104(a)(1)(D).

15        d.    Defendants Ascent and Knowlton, acting in their fiduciary

16   capacities, permitted ESOP Plan assets to inure to Ascent's benefit instead of

17   being held for the exclusive purposes of providing benefits to participants in the

18   ESOP Plan and their beneficiaries and defraying reasonable expenses of

19   administering the ESOP Plan in violation of ERISA section 403(c)(1), 29 U.S.C.

20   § 1103(c)(1).

21        e.    Defendants Ascent and Knowlton, acting in their fiduciary

22   capacities, engaged in prohibited transactions, specifically transferring ESOP Plan

1   assets from the ESOP Plan to Ascent, a party in interest, in violation of ERISA

2   section 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D).

3       f.    Defendants Ascent and Knowlton, acting in their fiduciary

4   capacities, engaged in prohibited transactions by dealing with ESOP Plan assets in

5   their own interests in violation of ERISA section 406(b)(1), 29 U.S.C.

6   § 1106(b)(1).

7       g.    Defendants Ascent and Knowlton, acting in their fiduciary

8   capacities, engaged in prohibited transactions by engaging in transactions

9   involving Plan assets with Ascent, whose interests were adverse to that of the

10  ESOP Plan and the ESOP Plan's participants and beneficiaries in violation of

11  ERISA section 406(b)(2), 29 U.S.C. § 1106(b)(2).

12      f.    Defendants Ascent and Knowlton participated knowingly in the

13  breaches of fiduciary duty of other fiduciaries and/or had knowledge of such

14  breaches by a co-fiduciary and failed to take reasonable efforts to remedy such

15  breaches, regarding the Plans, in violation of ERISA § 405(a)(3), 29 U.S.C.

16  § 1105(a)(3).

17      20.   When ERISA's strict fiduciary standards are not met, as set forth in

18  Paragraphs 1 to 18 above, the Secretary has the authority to seek relief under

19  ERISA sections 409 and 502(a)(2) and (5), 29 U.S.C. §§ 1109 and 1132(a)(2) and

20  (5), to restore ESOP Plan losses, to recover unjust profits, and to obtain other

21  remedial and equitable relief. The Secretary may also seek to enjoin a breaching

22  fiduciary from acting as a fiduciary or service provider to employee benefit plans

1  in the future.

2        **WHEREFORE**, pursuant to ERISA sections 409 and 502(a)(5), 29 U.S.C.

3  §§ 1109 and 1132(a)(5), Plaintiff prays that the Court:

4        a.   Remove Knowlton as Plan Trustee and fiduciary to the Plans and

5              obtain a permanent injunction barring him from serving as a

6              fiduciary of any ERISA-covered benefit plan;

7        b.   Remove Ascent as Plan Administrator and fiduciary to the Plans;

8        c.   Restore ESOP Plan losses, including lost opportunity costs, resulting

9              from Ascent and Knowlton's liability as co-fiduciaries;

10       d.   Order an offset of Knowlton's individual ESOP Plan account

11             balance against the amount Defendants owe due to their fiduciary

12             breaches under ERISA section 206(d)(4)(A)(ii), 29 U.S.C.

13             § 1056(d)(4)(A)(ii);

14       e.   Obtain a permanent injunction barring Ascent and Knowlton from

15             violating applicable ERISA provisions;

16       f.   Appoint an independent fiduciary with discretionary authority to

17             administer the ESOP Plan to effectuate its termination and the

18             distribution of ESOP Plan assets to the Participants and

19             beneficiaries, whose reasonable costs and fees would be paid for by

20             Ascent and Knowlton;

21       g.   Appoint an independent fiduciary with discretionary authority to

22             administer the 401(k) Plan to effectuate its termination and the

1              distribution of the 401(k) Plan assets to the Participants and

2              beneficiaries, whose reasonable costs and fees would be paid for by

3              Ascent and Knowlton;

4        h.    Impose civil penalties on the applicable recovery amount; and

5        i.    Provide such other relief as may be just and equitable.

6

7    Dated: September 15, 2023

8                         Respectfully submitted,

9                         SEEMA NANDA
                              Solicitor of Labor

10                        MARC A. PILOTIN
                              Regional Solicitor

11

12                        LAURA BREMER
                              Counsel for ERISA

13                        By: /s/ Adriana Ahumada
                              ADRIANA AHUMADA

14                        Senior Trial Attorney

15

16

17

18

19

20

21

22

---

FIRST AMENDED COMPLAINT FOR VIOLATIONS OF ERISA
Case No. 1:23-cv-47-TS-DAO                      Page 11

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
NORTHERN DIVISION

| | |
|---|---|
| JULIE A. SU, Acting Secretary of Labor, United States Department of Labor, | **SECOND AMENDED SCHEDULING ORDER** |
| Plaintiff, | |
| v. | Case No. 1:23-cv-00047 |
| ASCENT CONSTRUCTION, INC., a Utah corporation; BRADLEY L. KNOWLTON, an individual; and ASCENT CONSTRUCTION, INC. EMPLOYEE STOCK OWNERSHIP PLAN, an employee benefit plan, | District Judge Ted Stewart

Magistrate Judge Daphne A. Oberg |
| Defendants. | |

The parties have filed a joint motion for amended scheduling order, (Doc. No. 58).  For

good cause shown, the motion is GRANTED and the case schedule is amended as follows.  All

deadlines and limitations not set forth herein remain unchanged.

| **2.** | | **DISCOVERY LIMITATIONS** | **DATE** |
|---|---|---|---|
| | j. | Close of fact discovery: | _01/26/2024_ |
| **4.** | | **RULE 26(a)(2) EXPERT DISCLOSURES & REPORTS** | **DATE** |

**Disclosures (subject and identity of experts)**

| | | | |
|---|---|---|---|
| | a. | Party(ies) using an expert to assert a claim or defense: | _02/02/2024_ |
| | b. | Counter disclosures: | _03/06/2024_ |

**Reports**

| | | | |
|---|---|---|---|
| | a. | Party(ies) bearing burden of proof: | _04/10/2024_ |
| | b. | Counter reports: | _04/26/2024_ |

**5.**     **OTHER DEADLINES**                                              **DATE**

   a.   Last day for expert discovery:                          _05/10/2024_

   b.   Deadline for filing dispositive or potentially dispositive          _06/10/2024_
       motions:

   c.   Deadline for filing a request for a scheduling conference          _06/17/2024_
       with the district judge for the purpose of setting a trial
       date if no dispositive motions are filed:

   d.   Deadline for filing partial or complete motions to          _06/30/2024_
       exclude expert testimony:

**6.**     **SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION**     **DATE**

   e.   Evaluate case for settlement/ADR on:                     _03/01/2024_

**7.**     **TRIAL AND PREPARATION FOR TRIAL**

   a.   If dispositive motions are filed and the district judge's ruling on those motions does
       not resolve the case, the parties shall file a request for a scheduling conference with
       the district judge for the purpose of setting a trial date no later than one week after
       the ruling on the dispositive motions.

 DATED this 21st day of December, 2023.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge

1   MARC A. PILOTIN
    Regional Solicitor
2   LAURA BREMER (Ca. Bar No. 162900)
    Counsel for ERISA
3   ADRIANA AHUMADA (Ca. Bar No. 274295)
    Senior Trial Attorney
4   UNITED STATES DEPARTMENT OF LABOR
    90 7th Street, Suite 3-700
5   San Francisco, CA 94103-1516
    Telephone: (415) 625-7742
6   Fax: (415) 625-7772
    Email: ahumada.adriana.e@dol.gov
    *Attorneys for Plaintiff Acting Secretary of Labor*

7   Bruce M. Pritchett (6781)
    Jonathan R. Rudd (11422)
8   **THE RUDD FIRM, P.C.**
    75 Towne Ridge Parkway, Suite 125
9   Sandy, UT 84070
    T: 801-676-5337
10  E: bpritchett@ruddfirm.com
    jonathan@ruddfirm.com
11  *Attorneys for Defendants*

12

13                IN THE UNITED STATES DISTRICT COURT

14                   FOR THE DISTRICT OF UTAH

15  JULIE A. SU,                        Case No. 1:23-cv-00047-TS-DAO
    Acting Secretary of Labor,
16  United States Department of Labor,  **STATUS REPORT REGARDING
                                        AMENDED COMPLAINT**
17          Plaintiff,

            v.
18
    ASCENT CONSTRUCTION, INC., a Utah
19  corporation, BRADLEY L. KNOWLTON, an
    individual, ASCENT CONSTRUCTION, INC.
20  EMPLOYEE STOCK OWNERSHIP PLAN, an
    employee benefit plan, and ASCENT
21  CONSTRUCTION, INC. 401(k) PLAN, an
    employee benefit plan,
22
            Defendants.
23

Plaintiff Julie A. Su, Acting Secretary of Labor, United States Department of Labor ("Acting Secretary") and Defendants Bradley L. Knowlton and Ascent Construction submit this report pursuant to the Court's December 29, 2023 order. The Acting Secretary and Defendants have agreed the amended complaint as validly served as of January 9, 2024.  Defendants have an additional 20 calendar days from January 9, 2024 to answer the amended complaint. The parties agree that no dates shall otherwise change.

Respectfully Submitted,

SEEMA NANDA
Solicitor of Labor

MARC A. PILOTIN
Regional Solicitor

LAURA BREMER
Counsel for ERISA

By: /s/ Adriana Ahumada
ADRIANA AHUMADA
Senior Trial Attorney

**Attorneys for Plaintiff**

THE RUDD FIRM, P.C.

/s/ Bruce M. Pritchett
Bruce Pritchett
Jonathan Rudd

**Attorneys for Defendants**

Bruce M. Pritchett (6781)
Jonathan R. Rudd (11422)
**The Rudd Firm, P.C.**
75 Towne Ridge Parkway, Suite 125
Sandy, UT 84070
T: 801-676-5337
E: bpritchett@ruddfirm.com
jonathan@ruddfirm.com
      *Attorneys for Defendants*

---

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| JULIE A. SU,<br>Acting Secretary of Labor,<br>United States Department of Labor,<br><br>      Plaintiff,<br><br>vs.<br><br>ASCENT CONSTRUCTION, INC., a Utah corporation; BRADLEY L. KNOWLTON, an individual; and ASCENT CONSTRUCTION, INC. EMPLOYEE STOCK OWNERSHIP PLAN, an employee benefit plan;<br><br>      Defendants. | Case No. 1:23-cv-00047-TS-DAO<br><br><br>**ANSWER TO [48]<br>1st AMENDED COMPLAINT**<br><br><br><br>District Judge Ted Stewart<br><br>Magistrate Judge Daphne A. Oberg |

All Defendants respectfully submit their Answer to [48] 1st Amended Complaint.

## **ANSWER**

As to the specific numbered allegations in the 1st Amended Complaint, all Defendants answer as follows:

1.  Paragraph 1 of the 1st Amended Complaint is an editorial comment and a recitation of relief sought rather than an allegation of material facts in this case. To the extent that a response is required, Defendants deny the factual allegations in this paragraph.

2. Denied, except to the extent that an answering Defendant has made an express written admission or oral admission under oath in answers to written discovery, in a deposition, or in a signed court filing.

3. Denied, except to the extent that an answering Defendant has made an express written admission or oral admission under oath in answers to written discovery, in a deposition, or in a signed court filing.

4. Denied, except to the extent that an answering Defendant has made an express written admission or oral admission under oath in answers to written discovery, in a deposition, or in a signed court filing.

5. Denied, except to the extent that an answering Defendant has made an express written admission or oral admission under oath in answers to written discovery, in a deposition, or in a signed court filing.

6. Denied, except to the extent that an answering Defendant has made an express written admission or oral admission under oath in answers to written discovery, in a deposition, or in a signed court filing.

7. Denied, except to the extent that an answering Defendant has made an express written admission or oral admission under oath in answers to written discovery, in a deposition, or in a signed court filing.

8. Denied, except to the extent that an answering Defendant has made an express written admission or oral admission under oath in answers to written discovery, in a deposition, or in a signed court filing.

9.   Denied, except to the extent that an answering Defendant has made an express written admission or oral admission under oath in answers to written discovery, in a deposition, or in a signed court filing.

10.  Denied, except to the extent that an answering Defendant has made an express written admission or oral admission under oath in answers to written discovery, in a deposition, or in a signed court filing.

11.  Denied, except to the extent that an answering Defendant has made an express written admission or oral admission under oath in answers to written discovery, in a deposition, or in a signed court filing.

12.  Denied, except to the extent that an answering Defendant has made an express written admission or oral admission under oath in answers to written discovery, in a deposition, or in a signed court filing.

13.  Denied, except to the extent that an answering Defendant has made an express written admission or oral admission under oath in answers to written discovery, in a deposition, or in a signed court filing.

14.  Denied, except to the extent that an answering Defendant has made an express written admission or oral admission under oath in answers to written discovery, in a deposition, or in a signed court filing.

15.  Denied, except to the extent that an answering Defendant has made an express written admission or oral admission under oath in answers to written discovery, in a deposition, or in a signed court filing.

16. Denied, except to the extent that an answering Defendant has made an express written admission or oral admission under oath in answers to written discovery, in a deposition, or in a signed court filing.

17. Denied, except to the extent that an answering Defendant has made an express written admission or oral admission under oath in answers to written discovery, in a deposition, or in a signed court filing.

18. Denied, except to the extent that an answering Defendant has made an express written admission or oral admission under oath in answers to written discovery, in a deposition, or in a signed court filing. This response applies also to the incompletely filled-out footnote 1 to this paragraph.

19. Denied, except to the extent that an answering Defendant has made an express written admission or oral admission under oath in answers to written discovery, in a deposition, or in a signed court filing. This response applies also to all subparts of this paragraph, numbered in an unusual format as a, b, c, d, e, f, g, f.

20. Denied, except to the extent that an answering Defendant has made an express written admission or oral admission under oath in answers to written discovery, in a deposition, or in a signed court filing.

## **AFFIRMATIVE DEFENSES**

1. The 1st Amended Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff has failed to plead its claims with the particularity required by Rule 9 of the Federal Rules of Civil Procedure.

3.  Plaintiff's claims are barred by the contractual or statutory limitations periods set forth in the contract and/or Plan documents and/or statutes of limitations that are applicable in this matter.

4.  Plaintiff's claims are barred by a failure to exhaust administrative remedies and/or procedures.

5.  Plaintiff's claims are barred by estoppel, waiver, and/or accord and satisfaction.

6.  Plaintiff's claims are barred by fraud and/or mutual mistake.

7.  Plaintiff's claims are barred by impossibility and/or force majeure.

8.  Plaintiff's claims are barred by the doctrines of offset, setoff, or recoupment.

9.  Plaintiff's claims are barred by the "Firestone Deference" defense, articulated in *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101 (1989), upholding absolute discretion in interpreting and applying a plan's terms.

10. Plaintiff's claims are barred by ERISA section 408, which exempts the transactions alleged in the Complaint from being prohibited transactions.

11. Plaintiff's claims are barred by the business judgment rule and/or the prudent fiduciary rule.

12. Plaintiff's claims are barred by a lack of requisite scienter.

13. Plaintiff lacks standing.

14. Plaintiff's claims are not justiciable.

15. Plaintiff's claims are not ripe.

16. This court lacks subject matter jurisdiction.

## **PRAYER FOR RELIEF**

Defendants pray that the Plaintiff's complaint, as amended, be dismissed with prejudice, and that Plaintiff take nothing thereby. Defendants also ask the Court for any other relief that is just and proper.


DATED: February 20, 2024.                    Respectfully submitted,

                                             THE RUDD FIRM, P.C.

                                             /s/ *Bruce M. Pritchett*
                                             Bruce Pritchett
                                             Jonathan Rudd
                                             *Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 20, 2024, I served a true and correct copy of the

attached foregoing document on all counsel of record via email.

By___*/s/ Bruce Pritchett*_____
        Bruce M. Pritchett

Bruce M. Pritchett (6781)
Jonathan R. Rudd (11422)
**THE RUDD FIRM, P.C.**
75 Towne Ridge Parkway, Suite 125
Sandy, UT 84070
T: 801-676-5337
E: bpritchett@ruddfirm.com
jonathan@ruddfirm.com
    *Attorneys for Defendants*

---

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| JULIE A. SU,<br>Acting Secretary of Labor,<br>United States Department of Labor, | Case No. 1:23-cv-00047-TS-DAO |
|     Plaintiff, | **RESPONSE TO**<br>**ORDER TO SHOW CAUSE** |
|     vs. | |
| ASCENT CONSTRUCTION, INC., a Utah<br>corporation; BRADLEY L. KNOWLTON, an<br>individual; and ASCENT CONSTRUCTION,<br>INC. EMPLOYEE STOCK OWNERSHIP<br>PLAN, an employee benefit plan; | District Judge Ted Stewart<br><br>Magistrate Judge Daphne A. Oberg |
|     Defendants. | |

Defendants respectfully submit their Response to Order to Show Cause.

### <u>RESPONSE</u>

Defendants were ordered to show cause by February 19, 2024 in relation to the filing of

their Answer to the 1st Amended Complaint.

Good cause exists as follows:

1.   February 19, 2024 was a legal holiday in this Court, known as President's Day (see

     DUCivR 77-1(b) defining one of the Court's legal holidays as President's Day).

2.  Under Fed. R. Civ. P. 6(a)(1)(C), any deadline which falls on a legal holiday "continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." The next day would be Tuesday, February 20, 2024.

3.  Defendants' Answer to the First Amended Complaint, as ordered, was prepared and ready to file on February 20, 2024.

4.  Multiple attempts were made to file the Answer on February 20, 2024 and continuing until at least 3:02 am on the next morning, February 21, 2024, but the Court's ECF filing system persisted in rejecting the filing, with error messages saying in relevant part, "A serious error  has occurred in this application. The content of the "context" file name [filename too long to copy readily] was not in the expected format. This may simply be due to this page being accessed (via hyperlink) before the previous page completed. If this is the case please reload the last screen (press the back button) and wait until the page has completed loading before "clicking" on any hyperlinks displayed on the page. This error could also be caused by a "full filesystem" on the server. Please contact the help desk for addition instructions." **Exhibit A**, screen shots of 13 different error messages in response to 13 attempts to file the documents via counsel's account login credentials, or his co-counsel's login credentials used as an emergency backup with permission.

5.  Counsel has frequently filed documents on the CM/ECF system late at night, close to midnight, and knows that it only takes him about 2 minutes to file a simple opposition to a motion through CM/ECF. He has experience with such filings and has done it many times, primarily due to the fact that he has a mentally disabled teenage son (severe autism with other comorbidities, diagnosed by a leading neuropsychologist,

developmental age is much lower than his physical age, takes over a dozen pills a day for various medications prescribed by a psychiatrist) who requires extreme amounts of care in getting to school, dealing with lots of incidents of aggression at school, after getting home from school, and in going to bed, and counsel is the main one who takes his son to school practically every day, deals with the myriad problems he has in his special education classes at school, and helps his son with his roughly 2-hour (sometimes longer) bedtime routine starting at about 8:00 pm and going until around 10:00 pm essentially every night. Finishing up the day's work often takes until close to midnight, but those hours between 10:00 pm and 12:00 am are relatively quiet and productive.

6. Counsel tried rebooting his computer, logging onto CM/ECF different ways, hitting the back button and waiting for the page to reload, and every other way to file that he could think of, but here it is almost 3:45 am, and CM/ECF won't accept the documents for filing.

7. Now, finally, it has occurred to counsel to email the Answer and this Response to Order to Show Cause to the Judge's chambers to at least prove that the documents were prepared earlier this evening, and see about contacting the help desk in the morning. (Obviously it is closed at 3:41 am.)

8. Also, "Because a default judgment is a harsh sanction, due process requires that 'failure' [to obey a court order] is a sufficient ground only when it is the result of 'willfulness, bad faith, or [some] fault of [the disobedient party] rather than inability to comply." *M.E.N. lCo. V. Control Fluidics, Inc.*, 834 F.2d 869, 872 (10th Cir. 1987), cited in *United States v. Dact USA, Inc.*, 1989 U.S. Dist. LEXIS 3915, at *3,

1989 WL 35973 (March 16, 1989, D. Kansas). Willful or intentional conduct is the typical standard for such sanctions.

9.  In this case, there was nothing willful or intentional about the lateness of the filing.

10. The Answer has been timely produced for filing but rejected by CM/ECF, and is now emailed to the Court and Counsel, and a call will be made to the help desk in the morning to see how to file it on CM/ECF, unless perhaps the Court's clerks or other support personnel might be inclined to file the document through CM/ECF in the mean time.

11. Accordingly, good cause has been shown not to impose sanctions.

DATED: February 21, 2024                    Respectfully submitted,

                                            THE RUDD FIRM, P.C.

                                            /s/ *Bruce M. Pritchett*
                                            Bruce Pritchett
                                            Jonathan Rudd
                                            *Attorneys for Defendants*

4

**CERTIFICATE OF SERVICE**

I hereby certify that on February 21, 2024, I served a true and correct copy of the

attached foregoing document on all counsel of record via email.


By    */s/ Bruce Pritchett*
          Bruce M. Pritchett



A serious error has occurred in this application. The content of the "context" file named "/tmp/408625897978841" was not in the expected format. This may simply be due to this page being accessed (via a hyperlink) before the previous page page completed. If this is the case, please reload the last screen (press the back button) and wait until the page has completed loading before "clicking" on any hyperlinks displayed on the page. This error could also be caused by a "full filesystem" on the server. Please contact the help desk for additional instructions.



A serious error has occurred in this application. The content of the "context" file named "/tmp/11571499319725z" was not in the expected format. This may simply be due to this page being accessed (via a hyperlink) before the previous page completed. If this is the case, please reload the last screen (press the back button) and wait until the page has completed loading before "clicking" on any hyperlinks displayed on the page. This error could also be caused by a "full filesystem" on the server. Please contact the help desk for additional instructions.

**APPENDIX 000077**



IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JULIE A. SU, Acting Secretary of Labor, United States Department of Labor,<br><br>                    Plaintiff,<br><br>v.<br><br>ASCENT CONSTRUCTION, INC., a Utah corporation, BRADLEY L. KNOWLTON, an individual, ASCENT CONSTRUCTION, INC. EMPLOYEE STOCK OWNERSHIP PLAN, an employee benefit plan, and ASCENT CONSTRUCTION INC 401K PLAN, an employee benefit plan,<br>                    Defendants. | MEMORANDUM DECISION AND ORDER ENTERING DEFAULT JUDGMENT AGAINST DEFENDANTS<br><br><br>Case No. 1:23-cv-0047-TS-DAO<br><br>Judge Ted Stewart<br><br>Magistrate Judge Daphne A. Oberg |

On February 5, 2024, the Court issued an Order to Show Cause ordering Defendants to show cause as to why they had failed to file an Amended Answer, which was due January 29, 2024, and why the Court should not impose sanctions, including and up to entry of default judgment. Defendants were given fourteen (14) days from the date of the Order to file a response.

On February 21, 2024, Defendants filed an Amended Answer and a Response to the Order to Show Cause.[1] Defendants failed to provide any explanation as to why their Amended Answer was not filed by January 29, 2024, as was agreed to by the parties and ordered by the Court on January 12, 2024.[2]

---

[1] Docket Nos. 83, 84.

[2] Docket Nos. 63, 64.

Federal Rule of Civil Procedure 16(f)(1)(c) provides that a court "may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a . . . pretrial order." Rule 37(b)(2)(A) referenced in Rule 16(f)(1)(c) provides for sanctions including:

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.[3]

When determining the proper sanction, a court must consider a number of factors, including: (1) the degree of actual prejudice to the [plaintiff]; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal or default judgment of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.[4]

"[D]ismissal or other final disposition of a party's claim 'is a severe sanction reserved for the extreme case, and is only appropriate where a lesser sanction would not serve the ends of justice.'"[5] "Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal [or default judgment] an appropriate sanction."[6] Furthermore, the *Ehrenhaus* factors listed above are not "a rigid test; rather, they

---

[3] Fed. R. Civ. P. 37(b)(2)(A)(ii)–(vii).

[4] *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992).

[5] *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002) (quoting *Hancock v. City of Okla. City*, 857 F.3d 1394, 1396 (10th Cir. 1988)).

[6] *Ehrenhaus*, 965 F.2d at 921 (quoting *Meade v. Grubbs*, 841 F.2d 1512, 1521 n.7 (10th Cir. 1988) *abrogated on other grounds by Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760 (10th Cir. 2016)).

represent criteria for the district court to consider [before] imposing dismissal as a sanction."[7]

The Court considers each factor below.

### 1. *Degree of actual prejudice to Plaintiff*

Prejudice may be inferred from delay, uncertainty, and rising attorney's fees.[8] Defendants

failure to promptly engage in litigation and comply with the Court's orders has interfered with

Plaintiff's ability to obtain a resolution to their Complaint. Therefore, this factor weights in favor

of default judgment.

### 2. *Amount of interference with the judicial process*

The Court finds that Defendants' actions have interfered with the judicial process.

Defendants' failure to timely file their Amended Answer and subsequent failure to show cause as

to why they failed to do so comes against the backdrop of a pending Motion for Sanctions[9]

against Defendants for their failure to respond to Plaintiff's interrogatories that were initially

served in August 2023. Even after the Magistrate Judge granted Plaintiff's Motion to Compel on

---

[7] *Id.*; *see also Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1323 (10th Cir. 2011) ("The *Ehrenhaus* factors are simply a non-exclusive list of sometimes-helpful 'criteria' or guide posts the district court may wish to 'consider' in the exercise of what must always remain a discretionary function.") (citation omitted); *Chavez v. City of Albuquerque*, 402 F.3d 1039, 1044 (10th Cir. 2005) (describing *Ehrenhaus* factors as "not exhaustive, nor . . . equiponderant"); *Archibeque v. Atchison, Topeka & Santa Fe Ry. Co.*, 70 F.3d 1172, 1174 (10th Cir. 1995) ("[D]etermining the correct sanction is a fact specific inquiry that the district court is in the best position to make.").

[8] *Faircloth v. Hickenlooper*, 758 F. App'x 659, 662 (10th Cir. 2018) (unpublished); *Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993); *see also Auto-Owners Ins. Co. v. Summit Park Townhome Ass'n*, 886 F.3d 852, 860 (10th Cir. 2018) (finding substantial prejudice when defendant "sparked months of litigation" and "wasted eight months of litigation"); *Riviera Drilling & Expl. Co. v. Gunnison Energy Corp.*, 412 F. App'x 89, 93 (10th Cir. 2011) (unpublished) (upholding district court's finding that "delay would prolong for the defendants the substantial uncertainty faced by all parties pending litigation") (internal quotation marks omitted).

[9] Docket No. 68.

December 20, 2023, Defendants failed to timely respond.[10] Defendants have interfered with the judicial process by continuing to disregard the Court's orders and by failing to participate in the litigation. This factor, therefore, weighs in favor of default judgment.

3. *Litigant's culpability*

Defendant's culpability is evident in its failure to respond to the Court despite being warned that failure to show cause as to why it failed to timely file its Amended Answer could result in sanctions. The Tenth Circuit has articulated that while dismissal and default judgment are "drastic sanction[s], [they are] appropriate in cases of willful misconduct."[11] It has further defined a "'willful failure' [to mean] 'any intentional failure as distinguished from involuntary noncompliance. No wrongful intent need by shown.'"[12] Defendants failed to timely file their Amended Answer by January 29, 2024, and failed to provide any explanation as to this failure after the Court issued the Order to Show Cause. The Court finds that these failures were intentional and finds that this factor weighs in favor of default judgment.

4. *Whether the Court warned noncomplying litigant that default judgment was a likely sanction*

The Court warned Defendants that their failure to respond to the Order to Show Cause could result in terminating sanctions. This factor weights in favor of default judgment.

5. *Efficacy of lesser sanctions*

The Court finds that lesser sanctions would be inadequate. Defendants have continually refused to participate in this litigation and comply with the Court's orders. This factor weighs in

---

[10] Docket No. 57.

[11] *Lopez-Bignotte v. Ontivero*, 42 F. App'x 404, 407 (10th Cir. 2002) (citing *Ehrenhaus*, 965 F.2d at 920).

[12] *Id.* (quoting *Sheftelman v. Standard Metals Corp.*, 817 F.2d 625, 628–29 (10th Cir. 1987)).

APPENDIX 000082

favor of default judgment. Considering the factors above, the Court finds that default judgment is appropriate.

It is therefore

ORDERED that Plaintiff provide a proposed default judgment within fourteen (14) days of this Order. It is further

ORDERED that Plaintiff's Motion for Sanctions (Docket No. 68) is DENIED as moot.

DATED this 28th day of February, 2024.

BY THE COURT:

TED STEWART
United States District Judge

5

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JULIE A. SU,<br>Acting Secretary of Labor,<br>United States Department of Labor,<br><br>         Plaintiff,<br>  v.<br><br>ASCENT CONSTRUCTION, INC., a Utah<br>corporation, BRADLEY L. KNOWLTON, an<br>individual, ASCENT CONSTRUCTION, INC.<br>EMPLOYEE STOCK OWNERSHIP PLAN, an<br>employee benefit plan; and ASCENT<br>CONSTRUCTION INC. 401K PLAN, an<br>employee benefit plan,<br><br>         Defendants. | Case No. 1:23-cv-00047-TS<br><br><br>PERMANENT INJUNCTION |

**APPENDIX 000084**

1    Based upon the reasons previously stated in the preliminary injunction, the entry of

2    default judgment, and for good cause shown, the COURT HEREBY ORDERS THAT:

3    1.    Defendant Bradley L. Knowlton ("Knowlton") is permanently removed and

4    barred from serving as Plan Trustee, Plan Administrator or Plan fiduciary of the Ascent

5    Employee Stock Ownership Plan ("ESOP") and the Ascent 401(k) Plan ("401(k) Plan")

6    (together "the Plans").

7    2.    Defendant Ascent Construction, Inc. ("Ascent"), is permanently removed as

8    Plan Administrator and Plan fiduciary to the Plans and must cooperate fully with the

9    independent fiduciaries appointed below for the Plans;

10    3.    Knowlton and Ascent are permanently enjoined from serving as fiduciary of any

11    ERISA-covered plan;

12    4.    Knowlton and Ascent are permanently enjoined from violating ERISA

13    provisions;

14    5.    This Order supersedes the Preliminary Injunction this Court previously issued,

15    such that the relief ordered therein is now rendered permanent;

16    6.    AMI Benefit Plan Administrators Inc. was previously appointed as the

17    Independent Fiduciary for the ESOP per the Preliminary Injunction, and accordingly is granted

18    authority including but not limited to the following:

19        a.    to terminate the ESOP and, to that end, to establish a claim's submission

20            deadline and to adjudicate all claims filed by such deadline and to deny claims

21            not filed by the claims submission deadline;

22

23

---

PERMANENT INJUNCTION
Case No. 1:23-cv-00047-TS

**APPENDIX 000085**

Page 1

b.   to exercise all fiduciary responsibilities relating to the ESOP, including, but not limited to, the responsibility to act as the administrator of the ESOP as necessary to terminate the ESOP;

c.   to exercise authority given to trustees under the terms of the documents governing the ESOP;

d.   to amend the documents governing the ESOP;

e.   to appoint, replace, and remove such administrators, trustees, attorneys, employees, assigns, agents, and service provides, as the Independent Fiduciary shall, in the Independent Fiduciary's sole discretion, determine are necessary to aid the Independent Fiduciary's powers, duties, and responsibilities to the ESOP;

f.   to adjudicate and pay or deny all claims submitted to the ESOP;

g.   to identify and pursue recovery of the ESOP's assets as well as any monies to which the ESOP has a right of recovery; and

h.   to identify and pursue claims on behalf of the ESOP, and to delegate to such administrators, trustees, attorneys, employees, agents, assigns, and service providers such fiduciary responsibilities as the Independent Fiduciary shall determine appropriate. The Independent Fiduciary may not, however, delegate the authority to appoint, replace, and remove such administrators, trustees, attorneys, employees, assigns, agents, and service providers or the responsibility to monitor the activities of the trustees ,attorneys, employees, agents, assigns, and service providers of the ESOP.

7.   Independent Fiduciary Transamerica Retirement Solutions, LLC is hereby appointed as the Independent Fiduciary for the 401(k) Plan and has the authority:

a.  to terminate the 401(k) Plan and, to that end, to establish a claim's submission deadline and to adjudicate all claims filed by such deadline and to deny claims not filed by the claims submission deadline;

b.  to exercise all fiduciary responsibilities relating to the 401(k) Plan, including, but not limited to, the responsibility to act as the administrator of the 401(k) Plan as necessary to terminate the 401(k) Plan;

c.  to exercise authority given to trustees under the terms of the documents governing the 401(k) Plan;

d.  to amend the documents governing the 401(k) Plan;

e.  to appoint, replace, and remove such administrators, trustees, attorneys, employees, assigns, agents, and service providers, as the Independent Fiduciary in the Independent Fiduciary's sole discretion, determines are necessary to aid the Independent Fiduciary in the exercise of the Independent Fiduciary's powers, duties, and responsibilities to the 401(k) Plan;

f.  to authorize transfers and rollover requests by the 401(k) Plan participants;

g.  to adjudicate and pay or deny all claims submitted to the 401(k) Plan;

h.  to identify and pursue recovery of the 401(k) Plan's assets as well as any monies to which the 401(k) Plan has a right of recovery;

i.  to identify and pursue claims on behalf of the 401(k) Plan;

j.  to identify and pursue claims on behalf of the ESOP to delegate to such administrators, trustees, attorneys, employees, agents, assigns, and service providers such fiduciary responsibilities as the Independent Fiduciary shall determine appropriate. The Independent Fiduciary may not, however, delegate

1    the authority to appoint, replace, and remove such administrators, trustees,

2    attorneys, employees, agents, assigns, and service providers or the responsibility

3    to monitor the activities of the trustees, attorneys, employees, agents, assigns,

4    and service providers of the 401(k) Plan; and

5    k.   to authorize reasonable and necessary fees to be paid from Knowlton's 401(k)

6    Plan account for services performed and to pay the reasonable and necessary fees

7    of service providers from Knowlton's 401(k) Plan account.

8    8.   The Independent Fiduciary for the 401(k) Plan shall comply with the following reporting

9    requirements to the Court and the Secretary:

10   a.   The Independent Fiduciary for 401(k) shall file with the Court and with the

11   Secretary an Annual Report Form 5500 beginning the year in which this

12   Judgment is entered and continuing through the year in which the final

13   distribution under this Judgment is made and the Plan is terminated;

14   b.   The Independent Fiduciary for 401(k) shall also file annually with the Court and

15   with the Secretary a supplemental report ("Distribution and Fee Report") that

16   describes in detail the methodology for and the amounts of all distributions from

17   the account to participants and the beneficiaries of the Plan, and that itemizes any

18   fees charged by the Independent Fiduciary to the account, including but not

19   limited to hourly rates of pay, dates and hours of work, a description of the work

20   performed, and that itemizes any expenses charged to the account;

21   c.   The Distribution and Fee Report shall be deemed approved unless the Secretary

22   specifically objects, within fifteen business days, to any distribution or objects to

23   any fee or expense charged; and

9.   The terms of the documents governing the Plans are hereby amended to include the terms of this Judgment. This Judgment shall supersede all provisions in any documents governing the Plans that are inconsistent with the terms of this Judgment, including, but not limited to, the Plans' documents and trusts agreements.

10.  Nothing in this Order shall be construed:

    a.   To limit the powers and responsibilities of any officer or employee of the United States under ERISA or any other law, or

    b.   To relieve the Plans, or any of the administrators, fiduciaries, officers, trustees, custodians, attorneys, agents, employees, assigns, advisers, providers of goods or services, consultants, representatives in any capacity, or persons who serve in any capacity that involves decision making authority or custody or control of the monies, funds or assets of the Plans prior to the appointment of the Independent Fiduciary of any duty, responsibility, or liability under ERISA or any other law.

11.   This Court shall retain jurisdiction over the parties and subject matter of this action for the purpose of enforcing this Order.

12.   The parties to this Order may, as they deem necessary, change the designation of persons to receive service and notice on their behalf by filing with the Court notification of such change and serving a copy thereof on the other party or parties to this Order.

13.   Any party subject to this Order may seek relief from or amendment to this Order.

14.   Pursuant to Rule 65(c) of the Federal Rules of Civil Procedure, no bond or other security shall be required of the Secretary.

1        DATED this 23rd day of April, 2024.

2

3

4        TED STEWART
         United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JULIE A. SU, Acting Secretary of Labor, United States Department of Labor, <br><br> Plaintiff, <br><br> v. <br><br> ASCENT CONSTRUCTION, INC., a Utah corporation; BRADLEY L. KNOWLTON, an individual, ASCENT CONSTRUCTION, INC. EMPLOYEE STOCK OWNERSHIP PLAN, an employee benefit plan, and ASCENT CONSTRUCTION INC. 401K PLAN, an employee benefit plan, <br> Defendants. | DEFAULT JUDGMENT <br><br> Case No. 1:23-cv-0047-TS-DAO <br><br> Judge Ted Stewart <br><br> Magistrate Judge Daphne A. Oberg |

On February 28, 2024, the Court sanctioned Defendants by entry of default judgement.[1] As part of the Order, the Court ordered Plaintiff to file a proposed default judgment. Plaintiff did so on March 12, 2024.[2]

Plaintiff seeks damages in the amount of $288,873.64.[3] Defendants object arguing that Fed. R. Civ. P. 55 requires a hearing before the Court can determine and enter damages against Defendants. Under Rule 55(b)(2), a "court *may* conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to . . . determine the amount of damages." There is no requirement under Rule 55 that the Court conduct a hearing. In its Amended Complaint, Plaintiff seeks to "[r]estore ESOP Plan losses" and obtain "an offset of Knowlton's individual ESOP Plan

---

[1] Docket No. 85.

[2] Docket No. 90.

[3] Docket No. 90-1, at 5.

account balance against the amount Defendants owe to their fiduciary breaches," among other things.[4] Plaintiff's Motion in Support of Proposed Default Judgment includes the Declaration of Peter Thai, an investigator of the Department of Labor's Employee Benefits Security Administration, which provides additional support for the $288,873.64 in damages sought.[5] The Court finds that Plaintiff provides a sufficient basis to support entry of default judgment in the requested amount and therefore, no hearing is necessary to determine damages. Upon consideration and after due deliberation and good cause showing, it is therefore

ORDERED that default judgment be entered against Defendants in the amount of $288,873.64.

DATED April 23, 2024.

BY THE COURT:

TED STEWART
United States District Judge

---

[4] Docket No. 48, at 11.

[5] Docket No. 90-1.

AO 450 (Rev.5/85) Judgment in a Civil Case

# United States District Court

## District of Utah

JULIE A. SU, Acting Secretary of Labor,
United States Department of Labor,

              Plaintiff

v.

ASCENT CONSTRUCTION, INC., a Utah
corporation; BRADLEY L. KNOWLTON,
an individual, ASCENT CONSTRUCTION,
INC. EMPLOYEE STOCK OWNERSHIP
PLAN, an employee benefit plan, and
ASCENT CONSTRUCTION INC. 401K
PLAN, an employee benefit plan,

              Defendants.

**JUDGMENT IN A CIVIL CASE**

Case Number: 1:23-CV-00047-TS-DAO

    IT IS ORDERED AND ADJUDGED

    that Judgment shall be, and it hereby is, entered in favor of Plaintiff and against Defendants in the amount of $288,873.64 in damages. Defendants are jointly and severally liable for the total judgment amount.

April 23, 2024
_____
*Date*

BY THE COURT:

_____
Ted Stewart
United States District Judge

Bruce M. Pritchett (6781) bpritchett@ruddfirm.com
Jonathan R. Rudd (11422) jonathan@ruddfirm.com
**THE RUDD FIRM, P.C.**
75 Towne Ridge Parkway, Suite 125
Sandy, UT 84070
Tel: 801-676-5337
*Attorneys for Defendants*

---

## IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF UTAH

---

| | |
|---|---|
| JULIE A. SU,<br>Acting Secretary of Labor,<br>United States Department of Labor, | Case No. 1:23-cv-00047-TS-DAO |
| Plaintiff, | **CORRECTED<br>NOTICE OF APPEAL** |
| vs. | |
| ASCENT CONSTRUCTION, INC., a Utah corporation; BRADLEY L. KNOWLTON, an individual; and ASCENT CONSTRUCTION, INC. EMPLOYEE STOCK OWNERSHIP PLAN, an employee benefit plan; | District Judge Ted Stewart<br><br>Magistrate Judge Daphne A. Oberg |
| Defendants. | |

---

Defendants Ascent Construction, Inc. and Brad L. Knowlton hereby appeal to the United

States Court of Appeals for the Tenth Circuit from (1) the Judgment entered on April 23, 2024

[ECF No. 97], and (2) the Default Judgment entered on April 23, 2024 [ECF No. 96], and (3) the

Permanent Injunction entered on April 23, 2024 [ECF No. 95], together with all other rulings

subsidiary or related thereto.

//

//

//

DATED: June 18, 2024                    Respectfully submitted,

                                        THE RUDD FIRM, P.C.

                                        /s/ *Bruce M. Pritchett*
                                        Bruce Pritchett
                                        Jonathan Rudd
                                        *Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 18, 2024, I served a true and correct copy of the attached

foregoing document on all counsel of record via the Court's electronic filing system (CM/ECF),

which electronically served a copy on all counsel of record.

By    */s/ Bruce Pritchett*

Bruce M. Pritchett
